2007-NMSC-051

168 P.3d 99

**ALBUQUERQUE REDI–MIX, INC.,**
**Third–party–Plaintiff–**
**Petitioner,**

v.

**SCOTTSDALE INSURANCE COMPANY,**
**Third–party–Defendant–Respondent.**

No. 30,142.

Supreme Court of New Mexico.

Aug. 28, 2007.

Tucker Law Firm, P.C., Steven L. Tucker, Santa Fe, NM, Steven J. Vogel, Albuquerque, NM, L. Helen Bennett, P.C., L. Helen Bennett, Albuquerque, NM, for Petitioner.

Beall & Biehler, P.A., Gregory L. Biehler, Albuquerque, NM, for Respondent.

## OPINION

SERNA, Justice.

{1} This case requires us to determine whether a Rule 1–059(E) NMRA motion to alter or amend a judgment is subject to the automatic denial provision of NMSA 1978, Section 39–1–1 (1917). The Court of Appeals, in a memorandum opinion, decided that Rule 1–059(E) is subject to automatic denial because both Section 39–1–1 and Rule 1–059(D) NMRA 2006 (prior to August 21, 2006, amendment) provide for automatic denial thirty days after a motion is filed. However, a plain reading of Rule 1–059(E) does not provide for automatic denial, and therefore we reverse the Court of Appeals and remand the case for consideration of Appellant's remaining claims.

## I. FACTS

{2} Albuquerque Redi–Mix ("Redi–Mix") is a business selling gravel and concrete in New Mexico. On October 2, 2002, a Redi–Mix employee was involved in an auto accident that resulted in the death of Laura Miera (Victim). Victim's survivors filed a complaint for wrongful death against Redi–Mix as a result of the accident. In an August 6, 2003, letter, Redi–Mix contacted Scottsdale Insurance Company ("Scottsdale"), its commercial general liability coverage provider, to investigate, evaluate, pay, or settle the wrongful death case against Redi–Mix. Scottsdale informed Redi–Mix that the insurance policy did not apply to bodily injury arising out of the use of an auto, and, as a result, it would not indemnify or defend the claim. Redi–Mix then filed a complaint against Scottsdale for declaratory judgment, breach of contract, bad faith and breach of fiduciary duties, and violations of the Insurance Code and Unfair Practices Act.

{3} Redi–Mix and Scottsdale both filed motions for summary judgment on the declaratory judgment and breach of contract claims. The district court granted Scottsdale's motion for summary judgment and denied Redi–Mix's motion on December 28, 2004. Thereafter, Scottsdale filed a motion for summary judgment on the remaining claims, which the court granted on February 17, 2006. On February 23, 2006, Redi–Mix submitted a motion for reconsideration. Over three months later, on June 5, 2006, the court issued an order denying Redi–Mix's motion.

{4} Redi–Mix appealed the denial of its motion for reconsideration to the Court of Appeals. In a memorandum opinion, the Court of Appeals dismissed Redi–Mix's appeal. *Albuquerque Redi–Mix, Inc. v. Scottsdale Ins. Co.*, No. 26,872, slip op. (Ct.App. Oct. 24, 2006). The Court determined that Redi–Mix filed an untimely notice of appeal because its motion for reconsideration was denied by operation of law thirty days after it was filed. *Id.* at 2 (citing Section 39–1–1 and Rule 1–059(D)). Section 39–1–1 provides that

[f]inal judgments and decrees, entered by district courts in all cases tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment; provided, that *if the court shall fail to rule upon such motion within thirty days after the filing thereof, such failure to rule shall be deemed a denial thereof* . . . .

(Emphasis added.) Similarly, the 2006 version of Rule 1–059(D) in effect at the time stated: "If a motion for new trial is not granted within thirty (30) days from the date it is filed, the motion is automatically denied."

{5} Redi–Mix filed a petition for writ of certiorari with this Court asking us to ascertain whether a motion filed under Rule 1–

059(E), which does not have an automatic denial provision, is deemed automatically denied after thirty days pursuant to Section 39–1–1. We conclude that a plain reading of Rule 1–059(E) demonstrates that it is not subject to automatic denial, in spite of the references to automatic denial in Rule 1–059(D) and Section 39–1–1. Consequently, we reverse and remand this case to the Court of Appeals for further consideration of the merits of Redi–Mix's appeal.

## II.  STANDARD OF REVIEW

■ {6} This case requires us to examine the effect of Section 39–1–1 and Rule 1–059(D) on Rule 1–059(E). Interpretation of our rules of civil procedure and statutes is a question of law that we review de novo. *Walker v. Walton,* 2003–NMSC–014, ¶ 8, 133 N.M. 766, 70 P.3d 756; *State v. Rowell,* 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995). " 'In construing a particular statute, a reviewing court's central concern is to determine and give effect to the intent of the legislature.' " *Cobb v. State Canvassing Bd.,* 2006–NMSC–034, ¶ 34, 140 N.M. 77, 140 P.3d 498 (quoting *State ex rel. Klineline v. Blackhurst,* 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988)). "We must 'give a statute its literal reading if the words used are plain and unambiguous, provided such a construction would not lead to an injustice, absurdity or contradiction.' " *Johnson v. Shuler (In re Extradition of Martinez),* 2001–NMSC–009, ¶ 14, 130 N.M. 144, 20 P.3d 126 (quoting *Atencio v. Bd. of Educ.,* 99 N.M. 168, 171, 655 P.2d 1012, 1015 (1982)).

## III.  REDI–MIX'S MOTION FOR RECONSIDERATION IS A RULE 1–059(E) MOTION TO ALTER OR AMEND A JUDGMENT

{7} As a preliminary matter, we must resolve whether Redi–Mix's motion for reconsideration is a Rule 1–059(E) motion to alter or amend a judgment or a Section 39–1–1 motion. Scottsdale notes that Redi–Mix's motion for reconsideration did not specify the rule or statutory authority upon which it was based. While Scottsdale concedes that the motion could have been brought under Rule 1–059(E), it posits that

the motion should also be considered to have come under Section 39–1–1. If the motion for reconsideration also comes under Section 39–1–1, Scottsdale asserts that the statute's automatic denial provision would apply. Redi–Mix urges the Court to hold, like the Court of Appeals and our federal counterparts, that a motion for reconsideration filed within ten days of judgment is a motion to alter or amend a judgment under Rule 1–059(E). We accept Redi–Mix's position and treat its motion for reconsideration as a Rule 1–059(E) motion to alter or amend a judgment.

{8} Our Court of Appeals has previously addressed this issue. In *In re Estate of Keeney,* the petitioner submitted a motion for reconsideration after the trial court announced it would grant the respondents' motion for summary judgment. 121 N.M. 58, 59, 908 P.2d 751, 752 (Ct.App.1995). While specifically addressing whether the Court of Appeals could consider affidavits attached to the petitioner's motion for reconsideration, the Court also analyzed whether the motion for reconsideration should be treated as a Rule 1–059(E) motion. *Id.* at 60, 908 P.2d at 753. The Court of Appeals found guidance in the Fifth Circuit Court of Appeals case of *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069 (5th Cir.1994). *Keeney,* 121 N.M. at 60–61, 908 P.2d at 753–54. In *Lavespere,* the court noted that the Federal Rules of Civil Procedure do not recognize a motion for reconsideration of summary judgment, but asserted that such a motion

> will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b). Under which Rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).

910 F.2d at 173 (internal footnotes omitted). Our Court of Appeals adopted this reasoning and concluded that because the petitioner's

motion for reconsideration was submitted ten days after the trial court announced an intent to grant the respondent's summary judgment motion, it would treat the petitioner's motion as a Rule 1–059(E) motion. *Keeney*, 121 N.M. at 60, 908 P.2d at 753. Rule 1–059(E) is the New Mexico Rule of Civil Procedure equivalent to Rule 59(e).

{9} We have previously stated that Rule 1–059(E) and Rule 1–060(B) NMRA "are taken from their corresponding [federal] counterparts." *Perez v. Perez*, 75 N.M. 656, 658, 409 P.2d 804, 805 (1966). When our state court rules closely track the language of their federal counterparts, we have determined that federal construction of the federal rules is persuasive authority for the construction of New Mexico rules. *Schwartzman v. Schwartzman Packing Co.*, 99 N.M. 436, 440, 659 P.2d 888, 892 (1983); *Lopez v. Singh*, 53 N.M. 245, 247, 205 P.2d 492, 493 (1949). Several other federal circuits have held that a motion questioning the correctness of a judgment and filed within ten days of judgment is to be treated as a motion to alter or amend a judgment under Rule 59(e). *See, e.g., Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir.2005); *Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir.1985); *Cosgrove v. Smith*, 697 F.2d 1125, 1127–28 (D.C.Cir.1983); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 40–41 (2d Cir.1982); *Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir.1978); *Seshachalam v. Creighton Univ. Sch. of Med.*, 545 F.2d 1147, 1147 (8th Cir.1976); *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir.1976).

◼ {10} Therefore, we hold, like our Court of Appeals and several federal circuit courts of appeals, that a motion challenging a judgment, filed within ten days of the judgment, should be considered a Rule 1–059(E) motion to alter or amend a judgment. "[N]omenclature is not controlling." *Sea Ranch Ass'n*, 537 F.2d at 1061. In this case, the parties agree that Redi–Mix's motion for reconsideration was filed within ten days of the trial court's judgment; therefore, we deem it a Rule 1–059(E) motion.

## IV. RULE 1–059(E) IS NOT SUBJECT TO AUTOMATIC DENIAL BECAUSE IT DOES NOT CONTAIN AN AUTOMATIC DENIAL PROVISION

{11} Having decided that Redi–Mix's motion falls under Rule 1–059(E) and not Section 39–1–1, we must now determine whether a Rule 1–059(E) motion is nevertheless subject to automatic denial pursuant to Rule 1–059(D), Section 39–1–1, or Rule 12–201(D) NMRA 2006. Scottsdale urges this Court to affirm the Court of Appeals, which held that Rule 1–059(E) is subject to automatic denial after thirty days under Section 39–1–1.[1] Scottsdale notes that the applicable rule of appellate procedure, Rule 12–201(D) NMRA 2006, incorporated the automatic denial provision of Section 39–1–1 at the time of the proceedings. Redi–Mix counters that Rule 1–059(E) does not reference Section 39–1–1 and actually supercedes the applicability of the statute. Since Rule 1–059(E) supercedes Section 39–1–1 and fails to include an automatic denial feature, Redi–Mix posits that Rule 1–059(E) motions can only be denied by order of the district court. We agree with Redi–Mix and conclude that Rule 1–059(E) supercedes Section 39–1–1, and according to the plain language of Rule 1–059(E), it is not subject to automatic denial.

◼ {12} In making this determination, we look first to Rule 1–059 NMRA 2006 (prior to August 21, 2006 amendment), which governed Redi–Mix's motion for reconsideration. "Rule 1–059 sets forth the procedures governing post-trial motions for new trial in civil cases." *Martinez v. Friede*, 2004–NMSC–006, ¶ 11, 135 N.M. 171, 86 P.3d 596. In the early 2006 version of the rule, only Rule 1–059(D) provided for automatic denial: "If a motion for new trial is not granted within thirty (30) days from the date it is filed, the motion is automatically denied." Rule 1–059(E), on the other hand, states "[a] motion to alter or amend the judgment shall be served not later than ten (10) days after entry of the judgment." A Rule 1–059(E) motion is distinct from a Rule 1–059(D) motion and not subject to the same require-

---

1. Scottsdale concedes that Rule 1–059(D) does not govern motions for reconsideration and is inapplicable to Redi–Mix's motion, and that only Rule 1–059(E) or Section 39–1–1 could apply.

ments. Rule 1–059(D) simply does not apply to Rule 1–059(E). If this Court wanted to subject a Rule 1–059(E) motion to automatic denial, we would have expressly done so.[2] Therefore, under the plain language of Rule 1–059(E), it is not subject to automatic denial thirty days after filing.

{13} Likewise, the automatic denial feature of Section 39–1–1 does not apply to Rule 1–059(E). Scottsdale argues that Section 39–1–1 applies to a Rule 1–059(E) motion pursuant to the 2006 version of Rule 12–201(D), which governed appellate procedure. However, this Court has amended the Rules of Civil Procedure to exclude the automatic denial provision of Section 39–1–1 from several post-judgment motions. *See* Rules 1–054.1, 1–052(D), 1–059(D) NMRA 2006. The committee comment to Rule 1–054.1 makes clear that

> [t]he 2006 amendment, approved by Supreme Court Order 06–8300–17, effective August 21, 2006, supersedes the portion of Section 39–1–1 NMSA 1978 providing that many post-judgment motions are deemed automatically denied if not granted within thirty (30) days of filing. As a result of this change, and changes made to Paragraph D of Rule 1–052 and Paragraph D of Rule 1–059, post-judgment motions are subject to the rule that the court shall enter judgments or orders within sixty (60) days of submission. Rule 1–054.1 NMRA. *Because there no longer is an automatic denial of post-judgment motions, the time for filing notices of appeal will run "from the entry of an order expressly disposing of the motion".* Rule 12–201(D) NMRA (time for filing of notice of appeal runs from date of entry of order expressly disposing of the motion when there is no provision of automatic denial of motion under applicable statute or rule of court).

(Emphasis added.) While committee commentary is not binding on this Court, it is persuasive authority. *State v. McCrary,* 100 N.M. 671, 673, 675 P.2d 120, 122 (1984). We have also recently amended our appellate rule to provide that "the full time prescribed in this rule for the filing of the notice of appeal shall commence to run and be computed from the entry of an order expressly disposing of the [Rule 1–059] motion." Rule 12–201(D) NMRA 2007 (effective Feb. 1, 2007). We conclude that the 2006 and 2007 amendments make clear that Section 39–1–1 no longer applies to post-judgment motions filed pursuant to Rules of Civil Procedure that do not themselves explicitly contain an automatic denial provision. Because Rule 1–059(E) was never subject to automatic denial, the 2006 amendments clarify our intent that Section 39–1–1 does not apply to Rule 1–059(E). Therefore, Redi–Mix's motion could not be denied by operation of law, and the Court of Appeals erred in dismissing Redi–Mix's appeal.

{14} This does not end our inquiry, however. As Scottsdale suggests, Rule 12–201(D) NMRA 2006 could be interpreted as grafting an automatic denial provision to Rule 1–059(E). Rule 12–201(D) stated:

> If a party timely files a motion pursuant to Section 39–1–1 NMSA 1978, Paragraph B of Rule 1–050 NMRA, Paragraph D of Rule 1–052 NMRA, or *Rule 1–059 NMRA* or a motion pursuant to Rule 5–614 NMRA . . . , the full time prescribed in this rule for the filing of the notice of appeal shall commence to run and be computed from *either the entry of an order expressly disposing of the motion or the date of any automatic denial of the motion under that statute or any of those rules, whichever occurs first.*

(Emphasis added.) This version of Rule 12–201(D) could be interpreted to apply the automatic denial provision under Section 39–1–1 ("that statute") or "any of those rules" to a motion filed under Rule 1–059.

{15} Indeed, the Court of Appeals adopted such an interpretation in *Valley Bank of Commerce v. Hilburn,* 2005–NMCA–004, 136

---

**2.** This Court's authority to promulgate rules of procedure is derived from the New Mexico Constitution. Article VI, section 3 grants this Court "superintending control over all inferior courts." We have held that this constitutional provision vests the Court with power to promulgate rules relating to practice, pleading and procedure. *See Ammerman v. Hubbard Broad., Inc.,* 89 N.M. 307, 310–11, 551 P.2d 1354, 1357–58 (1976) (citing *State v. Roy,* 40 N.M. 397, 420–22, 60 P.2d 646, 660–62 (1936)).

N.M. 741, 105 P.3d 294. In that case, the Court of Appeals addressed the applicability of the automatic denial provision in Section 39–1–1 to Rule 1–050 in an appeal from a jury trial. *Id.* ¶¶ 12–14. First, the Court held that Section 39–1–1, by its plain terms, applies only to non-jury trials. *Id.* ¶ 18. The Court then noted that Rule 12–201(D), which governs appeals, references both Section 39–1–1 and Rule 1–050, and states that the time for filing a notice of appeal runs from "the earliest date at which *either* Section 39–1–1 or Rule 1–050 disposes of the motion." *Id.* ¶ 20 (emphasis added). Since Section 39–1–1 did not apply to the case, and Rule 1–050 did not contain an automatic denial provision, the Court held that "the time for filing a notice of appeal d[id] not begin to run until the district court enter[ed] an order ruling on the motion." *Id.* The Court of Appeals acknowledged that this result was "incongruous in light of New Mexico's policy to generally provide for automatic denials of motions," but left it to this Court to conform the rules to this policy. *Id.* We changed Rules 1–059, 1–052(D), and 1–054.1 through 2006 amendments, and also amended Rule 12–201(D) in 2007, which clarify our policy: Section 39–1–1 is superceded, and there is no longer automatic denial of post-judgment motions. Rule 1–054.1 committee cmt.

{16} Rule 1–054.1 states, "[n]otwithstanding Section 39–1–1 NMSA 1978, the court shall enter a judgment or order within sixty (60) days after submission. As used in this rule, 'submission' is the time when the court takes the matter under advisement." In the committee comment, Rule 1–054.1 is said to "supersede[ ] the portion of Section 39–1–1 NMSA 1978 providing that many post-judgment motions are deemed automatically denied if not granted within thirty (30) days of filing." The committee went on to note that "[b]ecause there no longer is an automatic denial of post-judgment motions, the time for filing notices of appeal will run 'from the entry of an order expressly disposing of the motion'." Rule 1–054.1 committee cmt. (quoting Rule 12–201(D)). In light of our amendment to Rule 1–054.1, and the deletion of automatic denial language from Rules 1–052(D) and 1–059(D), it is clear that we never

intended Rule 1–059(E) to be subject to automatic denial.

{17} Scottsdale directs our attention to *Beneficial Finance Corp. v. Morris,* where our Court of Appeals held that Rule 1–059(E) is subject to automatic denial under Section 39–1–1 and Rule 12–201. 120 N.M. 228, 228–29, 900 P.2d 977, 977–78 (Ct.App.1995). However, the appellants did not apply for a writ of certiorari in that case. Furthermore, the Rule 1–054.1 committee comment identified *Morris* as a case where "possible injustice" took place. Now that we have been given the opportunity to address the issue, we expressly overrule *Morris,* reverse the Court of Appeals, and remand the instant case for consideration of Redi–Mix's remaining claims.

## V. CONCLUSION

{18} We hold that Redi–Mix's motion for reconsideration falls under Rule 1–059(E), and that under the plain wording of the rule, it is not subject to automatic denial after thirty days. The 2006 version of Rule 12–201(D) did not graft the automatic denial features of Rule 1–059(D) or Section 39–1–1 to Rule 1–059(E), as clarified by our 2006 amendments to Rules 1–059(D) and 1–054.1. Our 2007 amendment to Rule 12–201(D) also makes this fact clear. Therefore, we reverse and remand this case to the Court of Appeals to address the merits of Redi–Mix's appeal.

{19} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PETRA JIMENEZ MAES, and RICHARD C. BOSSON, Justices.

PAMELA B. MINZNER, Justices (not participating).