# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CASSANDRA HOLBROOK REID,**

Petitioner-Appellee,

v.                                                    NO.   29,286

**THOMAS SARGENT POWELL,**

Respondent-Appellant,

and

**PENNY HOLBROOK,**

Intervenor.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth Whitefield, District Judge**

Walther Family Law
David L. Walther
Santa Fe, NM

for Appellee

Thomas Sargent Powell
Sacramento, CA

Pro Se Appellant


Thomas C. Montoya
Albuquerque, NM

for Intervenor

Leslie Becker
Albuquerque, NM

Guardian ad litem

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Respondent is appealing from a district court final divorce decree. The judgment was filed on January 9, 2009. [RP 477] No notice of appeal from this judgment appears in the record proper. Instead, Respondent appears to have mistakenly believed that the January 23, 2009, filing of a notice of appeal with this Court triggered his appeal. [Notice is at Ct. App. file, green clip] However, our Rules require that the notice of appeal be filed with the district court clerk. Rule 12-202(A) NMRA. Therefore, absent the circumstances described below, we would normally dismiss the appeal based on the failure to timely file a notice of appeal in the proper place. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (compliance with notice of appeal time and place requirements is mandatory precondition to exercise of appellate jurisdiction).

Notwithstanding the improper filing of the notice of appeal, our calendar notice proposed dismissal - not based on the place of filing, but on the lack of finality. Here, Respondent filed a January 27, 2009, motion to reconsider the January 9, 2009,

2

judgment. [RP 477, 487] Because Respondent's motion for reconsideration was filed outside the time limit to file under Rule 1-059(E) NMRA, we construe it as a motion filed pursuant to NMSA 1978, § 39-1-1 (1917) and Rule 1-054.1 NMRA. However, there is no indication in the record proper that the district court ruled on Respondent's motion to reconsider. Despite the language in Section 39-1-1, the district court was required to rule on the post-judgment motion and it was not deemed denied by the passage of time. *See Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 15, 142 N.M. 527, 168 P.3d 99 (holding that changes to the rules of civil procedure superceded Section 39-1-1 and eliminated the automatic denial of post-judgment motions). Thus, our calendar notice proposed to conclude that Respondent's appeal is premature without an order denying his motion. *See* Rule 12-201(D) (providing that if a party files a motion pursuant to Section 39-1-1, the time for filing a notice of appeal begins to run from entry of an order disposing of the motion); *see also Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (recognizing in the context of a foreclosure judgment that when a party makes a motion challenging the judgment, the judgment is not final until the district court rules on the motion).

In his memorandum in opposition, Respondent not only does not point out any factual or legal errors, but he refers to an upcoming district court hearing on the

motion to reconsider.  [MIO 2-3]  *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").  Accordingly, we dismiss the appeal.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**