This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**TRACIE JERNIGAN,**

Plaintiff-Appellant,

v.                                             **NO. 27,924**

**RICHARD L. GONZALES,**
**WESTLAND DEVELOPMENT**
**COMPANY, INC. and DOES 1-100,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Linda M. Vanzi, District Judge**

Law Offices of Nicholas Koluncich III, LLC
Nicholas Koluncich III
Albuquerque, NM

Law Office of Arnold Padilla
Arnold Padilla
Albuquerque, NM

for Appellant

Law Office of Eric Sedillo Jeffries
Eric Sedillo Jeffries
Albuquerque, NM

for Appellee Gonzales

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Doulgas G. Schneebeck
Brian K. Nichols
Albuquerque, NM

for Appellee Westland Development
Company, Inc. and Does 1-100

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Plaintiff appeals two orders entered by the district court in favor of Defendant Westland Development Company (Westland) dismissing her complaint and denying her motion for clarification and/or reconsideration of the district court's orders. We conclude that Plaintiff's notice of appeal from the order of dismissal was untimely filed, and we dismiss her appeal to the extent that it challenges the merits of that order. We affirm the district court's denial of Plaintiff's Rule 1-060(A) NMRA motion for clarification.

**BACKGROUND**

Plaintiff filed a complaint against Westland and others based on alleged insider trading. Plaintiff claimed that Defendant Richard L. Gonzales obtained insider information about Westland's impending sale and purchased Plaintiff's Westland shares for $21 per share. Five weeks later, Westland announced a proposed merger, pursuant to which Westland shareholders would receive $200 per share. Ultimately, Westland entered into a different merger, at which point shares were valued at $315

each. As against Westland, Plaintiff alleged claims for (1) insider trading, (2) violations of the Unfair Practices Act (UPA), NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2009), (3) a demand for inspection of corporate records, and (4) conspiracy.

Westland moved for dismissal of claims (1), (2), and (3), and for summary judgment on claim (4). Following a hearing on these motions, the district court entered an order on December 6, 2006, granting Westland's motion to dismiss Plaintiff's claims for violation of the UPA, for inspection, and alleging insider trading. It also granted Westland's motion for summary judgment on Plaintiff's conspiracy claim. The order (Westland order) stated that "Plaintiff's [c]omplaint and all claims which were or could have been raised by Plaintiff against Westland in this action are dismissed with prejudice." Pursuant to Rule 1-054(B)(2) NMRA, the order was a final order as to Westland.

On the same date, the district court entered an order (Gonzales order) dismissing all claims against Defendant Gonzales except the claim of insider trading. Twelve days later, Plaintiff filed a motion for clarification and/or reconsideration of the Gonzales order. In that motion, Plaintiff did not seek clarification or reconsideration of t23he Westland order.

On January 5, 2007, thirty days after entry of the Westland order and eighteen days after Plaintiff filed her motion for clarification of the Gonzales order, Plaintiff filed a pleading entitled "Plaintiff['s] Amendment to Her Expedited Motion for Clarification and/or Reconsideration." In this pleading, Plaintiff sought to add to her previous motion for clarification of the Gonzales order, claiming that the Westland order erroneously represented that the court had dismissed with prejudice all claims that could have been brought against Westland. Plaintiff attached a proposed amended order, which changed the Westland order to reflect dismissal of Plaintiff's complaint and all claims that were or could have been raised against Westland *without* prejudice. The proposed order also stated that the order was final only with respect to Plaintiff's UPA and civil conspiracy claims against Westland.

On January 12, 2007, the district court entered an amended order of dismissal related to the claims against Gonzales only, apparently in response to Plaintiff's original motion for clarification and/or reconsideration of the Gonzales order. On July 12, 2007, the district court entered its order on Plaintiff's motion for clarification and/or reconsideration of the Westland order. The order stated that "[t]he Westland [o]rder accurately reflects the [c]ourt's rulings at the November 28, 2006[,] hearing on Westland's [m]otion to [d]ismiss and [m]otion for [s]ummary [j]udgment." Plaintiff filed her notice of appeal against Westland on August 8, 2007.

4

When this Court assigned this case to the general calendar, we instructed the parties that "[i]n addition to any issues the parties may want to address on the general calendar, we request that the parties address the timeliness of the notice of appeal, and the finality of the order dismissing Westland." Plaintiff declined our invitation and failed to mention these issues in her brief in chief; she did not file a reply brief. Westland analyzed these issues in its answer brief.

**DISCUSSION**

**Finality of the Westland Order**

We first consider whether the Westland order was final for purposes of appeal. For two reasons, we conclude that it was. First, Rule 1-054(B)(2) provides that an order adjudicating all issues as to one party "shall be a final one unless the court, in its discretion, expressly provides otherwise." The Westland order dismissed all claims against Westland with prejudice, and it expressly provided that it was a final order. Second, an order or judgment is considered final when all issues of law and fact have been determined and the case has been disposed of by the trial court to the fullest extent possible. *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992). The Westland order satisfies this description because no issues of fact or law remained to be decided as between Plaintiff and Westland.

**Timeliness of Notice of Appeal**

Plaintiff did not challenge the Westland order in any way until thirty days after the order was filed. She attempted to tie her motion for clarification of the Westland order to her earlier motion related to the Gonzales order, which was filed twelve days after both the Westland and Gonzales orders were filed. However, even if we assume that her motion regarding the Westland order relates back to the date she filed her motion regarding the Gonzales order, it makes no difference to our analysis.

Plaintiff described her motion for clarification as being filed pursuant to Rule 1-060(A). We consider the nature of the motion in order to determine whether Plaintiff's description is accurate. *See Chapel v. Nevitt*, 2009-NMCA-017, ¶ 17, 145 N.M. 674, 203 P.3d 889 (explaining that "[n]omenclature is not controlling" in determining which rule supports a motion (alteration in original) (internal quotation marks and citation omitted)).

Rule 1-060(A) provides that "[c]lerical mistakes in judgments, orders or parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party." Thus, as this Court has noted, "Rule 1-060(A) relief is appropriate where the court 'blunders in execution' of a judgment, not where the court changes its mind." *In re Estates of Hayes*, 1998-NMCA-136, ¶ 16, 125 N.M. 820, 965 P.2d 939.

6

It therefore appears that Plaintiff correctly characterized her motion as being filed under Rule 1-060(A). Her motion made it clear that she sought to change the words "with prejudice" to "without prejudice" and to clarify that the order was final only as to two claims. In her view, the changes were consistent with the district court's ruling. This proposal constitutes a request to correct a clerical error as contemplated by Rule 1-060(A).

The motion cannot be viewed as being based on either Rule 1-059(E) NMRA or NMSA 1978, Section 39-1-1 (1917), because the motion did not question the correctness of the court's ruling. *Cf. Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 9, 142 N.M. 527, 168 P.3d 99 (noting that a motion questioning the correctness of a judgment and filed within ten days of judgment is treated as being filed pursuant to Rule 1-059(E)); *see Chapel*, 2009-NMCA-017, ¶¶ 17-18 (observing that a motion filed more than ten days after a judgment but within thirty days of the judgment is deemed a motion for reconsideration under Section 39-1-1). Furthermore, even if we considered the motion to have been filed under Rule 1-059(E), it was untimely because the first motion challenging the Gonzales order was filed twelve days after entry, not within the ten-day period required by the rule. *Albuquerque Redi-Mix, Inc.*, 2007-NMSC-051, ¶ 10.

Having concluded that Plaintiff correctly characterized her motion as being filed pursuant to Rule 1-060(A), we turn now to a determination of the timeliness of Plaintiff's notice of appeal. The district court entered its order denying Plaintiff's motion for clarification and/or reconsideration of the Westland order on July 12, 2007, and Plaintiff filed her notice of appeal twenty-six days later on August 8. Thus, Plaintiff timely appealed from the July 12 order. *See* Rule 12-201(A)(2) NMRA (stating that notice of appeal shall be filed within thirty days of the judgment or order appealed from). However, this means that Plaintiff timely appealed *only* from the order denying her Rule 1-060(A) motion; it does not mean that she timely appealed from the Westland order, which dismissed all of her claims against Westland with prejudice. This Court made it clear in *In re Estates of Hayes* that "if the time period for filing a notice of appeal on the underlying judgment has elapsed, a Rule 1-060(A) order does not establish a new time period for appealing the original judgment." *In re Estates of Hayes*, 1998-NMCA-136, ¶ 17; *see Century Bank v. Hymans*, 120 N.M. 684, 689 n.1, 905 P.2d 722, 727 n.1 (Ct. App. 1995) ("[T]he only appealable order will be the order resolving the motion under Rule 1-060; the original judgment cannot be the subject of the appeal.").

The original Westland order was filed on December 6, 2006. The time for appealing from that order expired on January 5, 2007. Because Plaintiff did not file

her notice of appeal until August 8, 2007, the December 6 order cannot be the subject of the present appeal. *See Murken v. Solv-Ex Corp.*, 2006-NMCA-064, ¶ 31, 139 N.M. 625, 136 P.3d 1035 (explaining that time for filing a notice of appeal is a mandatory precondition to the exercise of jurisdiction over an appeal). Consequently, the only issues Plaintiff raises in this appeal that we address are those related to the merits of the district court's order denying Plaintiff's Rule 1-060(A) motion to correct alleged clerical errors in the Westland order.

**Merits of Plaintiff's Appeal**

Plaintiff raises five issues on appeal, arguing that the district court erred in: (1) dismissing her claims related to insider trading, the demand for inspection of records, and violations of the UPA; (2) granting Westland's summary judgment on her claim of conspiracy; (3) denying her leave to amend her complaint; (4) dismissing all claims that Plaintiff did not but could have asserted against Westland; and (5) denying the motion for clarification under Rule 1-060(A). The first two issues relate to the district court's dismissal of claims in the Westland order, and Plaintiff did not timely appeal from that order. We therefore dismiss Plaintiff's appeal to the extent it relies on the first two issues.

The last three issues arguably relate to Plaintiff's Rule 1-060(A) motion. We consider those issues on their merits. We combine the fourth and fifth issues.

9

**Denial of Leave to Amend**

In her response to Westland's motion to dismiss, Plaintiff mentioned, with no force or vigor or any detail, that she needed more discovery and then wanted leave to amend. But she filed no motion to permit further discovery pending a decision on the motion to dismiss, and she has not pointed out in her brief on appeal that she pursued the need for specific discovery with the court before the court entered its dismissal order. Were we nevertheless to interpret Plaintiff's comment as a request to postpone a decision on the motion while she pursued discovery and then sought leave to amend, we could conclude that the request was merged in the Westland order from which Plaintiff failed to file a timely notice of appeal; on that basis we could decline to consider her argument. But in her Rule 1-060(A) motion Plaintiff peripherally mentioned amendment in arguing that the court had not dismissed her claims with prejudice. She stated, "[d]ismissing the [c]omplaint without leave to amend could embolden [Westland] to oppose a new corrected amended complaint adding parties . . . and adding new allegations based upon evidence that came to light after the motions to dismiss and for summary judgment were filed." This minimal approach with a different direction hardly constituted a motion to vacate the dismissal order on the ground that the court erred in not granting her leave to conduct further discovery and to later amend. Yet, giving Plaintiff's discussion of amendment in her motion the

most charitable view possible, we will at least assume that the motion somehow sought leave to amend her complaint.

We review the district court's disposition of a request for leave to amend for abuse of discretion. *Reule Sun Corp. v. Valles*, 2008-NMCA-115, ¶ 25, 144 N.M. 736, 191 P.3d 1197, *cert. granted*, 2008-NMCERT-008, 145 N.M. 255, 195 P.3d 1267. Although the court did not expressly rule on Plaintiff's request, we construe its denial of Plaintiff's Rule 1-060(A) motion as a denial of her request for leave to amend. *See Stinson v. Berry*, 1997-NMCA-076, ¶ 8, 123 N.M. 482, 943 P.2d 129 (deeming implicitly denied a motion to amend the complaint filed after argument of the defendants' summary judgment motions where, without ruling on the motion to amend, the district court entered summary judgment inconsistent with the granting of the amendment).

We conclude that the district court did not abuse its discretion in denying Plaintiff's request to file an amended complaint. Plaintiff's request was ineffective. For the relief she needed, she was required to clearly move to vacate the court's dismissal order on the ground that the court either mistakenly failed to dismiss without prejudice to file an amended complaint, or otherwise erred in dismissing with prejudice. She failed to do that. Further, even assuming that she could obtain relief by seeking leave to amend at this point of the proceeding, the request did not attach

a proposed amended complaint as required by Rule 1-007.1(C) NMRA. Consequently, the proposed amendment was insufficient on its face. *See Ruegsegger v. W. N.M. Univ. Bd. of Regents*, 2007-NMCA-030, ¶ 12, 141 N.M. 306, 154 P.3d 681 (filed 2006) (explaining that "[a]lthough, in general, leave to amend is freely granted, whenever the insufficiency or futility of the proposed amended pleading is apparent on its face, leave to amend may be denied because granting the motion would serve no purpose" (internal quotation marks and citation omitted)).

**Dismissal of Unstated Claims and Denial of Rule 1-060(A) Motion**

Plaintiff argues that the district court erroneously "granted judgment on all claims that were or could have been asserted by [Plaintiff] against Westland, without allowing discovery, and with no leave to amend the [c]omplaint." We have already addressed the district court's implicit denial of Plaintiff's motion to amend. To the extent that Plaintiff claims she was entitled to additional discovery, we conclude that she did not raise this contention in her Rule 1-060(A) motion. She made no mention of a desire for additional discovery in that motion. Because we are dismissing all appellate issues except those raised in Plaintiff's motion, we decline to consider this argument.

We also decline to consider Plaintiff's ostensibly separate argument that the district court abused its discretion in denying her Rule 1-060(A) motion. Plaintiff

again maintains that she did not have "an opportunity to use the facts to state a claim" and that "the [d]istrict [c]ourt erred in failing to allow [Plaintiff] the time and discovery [she] needed to develop her claims." As we have already explained, Plaintiff did not make this argument in her Rule 1-060(A) motion, and we therefore decline to consider it.

**CONCLUSION**

For the foregoing reasons, we dismiss Plaintiff's appeal from the Westland order because it was not timely filed. We affirm the district court's denial of Plaintiff's Rule 1-060(A) motion.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**