This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                  **No. 30,297**

**WILLIAM BIRKLEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Albert "Pat" S. Murdoch, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

William Birkley
Albuquerque, NM

Pro Se Appellant

### MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant appeals from the district court's dismissal of his appeal from metropolitan court as untimely. This Court issued a calendar notice proposing to

dismiss for lack of a final order. Defendant has filed a memorandum in opposition to this Court's notice, which we have duly considered. Unpersuaded, we dismiss this appeal.

On February 20, 2007, Appellant was cited for two moving violations arising from an automobile accident. [DS 3] On April 2, 2007, Defendant was found guilty of one count of overtaking on the left in violation of NMSA 1978, Section 66-7-312 (1978). [RP 29] On appeal, Defendant asserts that he was not informed of his right to appeal the metropolitan court's determination and that when he later discovered, based on his own research, that he had the right to appeal the metropolitan court's judgment, he filed a notice of appeal in November 2009. [DS 4; RP 32] The district court dismissed Defendant's appeal as untimely. [RP 37] Defendant filed a motion for reconsideration. [RP 38] The district court has not ruled on that motion.

As this Court pointed out in its notice of proposed disposition, a criminal defendant may file an appeal from criminal proceedings in district court to this Court if the appeal is: (1) "within thirty days from the entry of any final judgment[,]" (2) "within ten days after entry of an order denying relief on a petition to review conditions of release . . . [,]" or (3) "an interlocutory order or decision in which the district court, in its discretion, makes a finding in the order or decision that the order or decision involves a controlling question of law as to which there is substantial

ground for difference of opinion and that an immediate appeal from such order or decision may materially advance the ultimate termination of the litigation." NMSA 1978, § 39-3-3(A) (1972). When a post-judgment motion is filed that could alter, amend, or moot the judgment, the judgment is no longer final for purposes of appeal, and the time for filing a notice of appeal begins to run from the filing of the order disposing of the post-judgment motion. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865; *Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675. We therefore proposed to conclude that Defendant's act of requesting reconsideration of the district court's order dismissing his appeal, rendered the underlying dismissal of Defendant's appeal a non-final order, and we proposed to dismiss Defendant's appeal as premature.

In his memorandum in opposition, Defendant challenges our Supreme Court's recent decisions on finality and their impact on the deemed-denied provision of NMSA 1978, Section 39-1-1 (1917). Specifically, Defendant contends that the Supreme Court's decision to supersede the deemed-denied provision of Section 39-1-1 violates separation of powers [MIO 3-4], permits our courts to arbitrarily frustrate appellate review [MIO 4-5], violates due process by denying defendants the right of access to the courts [MIO 6-7], and denies equal protection [MIO 7-9]. To the extent Defendant challenges our Supreme Court's rulings in *Albuquerque Redi-Mix, Inc. v.*

*Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 15, 142 N.M. 527, 168 P.3d 99, and *Grygorwicz*, 2009-NMSC-009, ¶ 8, this Court is bound by Supreme Court precedent. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶¶ 20-22, 135 N.M. 375, 89 P.3d 47. We therefore apply *Albuquerque Redi-Mix* and *Gyrgorwicz* which, as we explained in this Court's notice of proposed disposition, results in dismissal of Defendant's appeal for lack of finality. Further, to the extent Defendant challenges the effectiveness of his counsel's representation in metropolitan court, asserts prosecutorial misconduct, and contests the factual foundation for his conviction on appeal [MIO 9-15], we do not address these issues because they are not properly before us at this time.

Finally, Defendant asks that this Court not dismiss his appeal, but return jurisdiction to the district court for the limited purpose of permitting it to rule on his post-trial motion. [MIO 8] We deny Defendant's request, as we conclude that dismissal is appropriate in this case. Defendant's post-trial motion asked the district court to reconsider whether dismissal of his appeal from metropolitan court was untimely. Defendant is appealing from the district court's order of dismissal. Should the district court reconsider its ruling and determine that dismissal was inappropriate, there will no longer be a basis for Defendant's present appeal. Because the district court's resolution of the issue presented in Defendant's post-trial motion may obviate

4

the necessity of the current appeal, we conclude that the appropriate remedy is dismissal. We therefore dismiss Defendant's appeal and remand the matter to the district court with instructions that the district court resolve Defendant's pending motion.

For the reasons stated in this opinion and in our notice of proposed disposition, we dismiss Defendant's appeal for lack of a final order.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**CELIA FOY CASTILLO, Judge**