This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MABRY CONSTRUCTION, INC.,
FFT LLC, PLACITA DE LA
TIERRA, LLC f/k/a TOWN
CENTER AT LAS CAMPANAS LLC,
and OSO 3 INVESTMENTS LLC,**

      Plaintiffs/Counter-Defendants-Appellants,

v.                                          **No. 32,731**

**LAS CAMPANAS LIMITED
PARTNERSHIP, LAS CAMPANAS
CORPORATION, STEPHEN
MAROTTA and RICHARD
ALTMAN,**

      Defendants/Counterclaimants,

and

**OASIS MANAGEMENT RESOURCES, LLC,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Sarah M. Singleton, District Judge**

O'Connell Law LLC
Erin B. O'Connell
Albuquerque, NM

The Zamora Law Firm, LLC
D. Diego Zamora
Santa Fe, NM

for Appellants

Law & Resource Planning Associates, P.C.
Charles T. DuMars
Tanya L. Scott
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VIGIL, Judge.**

**{1}**     The district court concluded it does not have personal jurisdiction over the defendant Oasis Management Resources, LLC (OMR), and filed an order of dismissal. After their motion to reconsider was denied, Plaintiffs Mabry Construction, Inc.; Placita de la Tierra, LLC f/k/a Town Center at Las Campanas, LLC; and Oso 3 Investments, LLC (collectively Mabry) appealed.  Concluding that the motion to reconsider was not decided under the applicable rule, we reverse.

**BACKGROUND**

**{2}**     The district court concluded it did not have personal jurisdiction over OMR and filed its order granting OMR's motion to dismiss on April 20, 2012.  Ten days later, on April 30, 2012, Mabry filed a motion to reconsider supported by newly discovered

evidence, which it argued showed the district court did have personal jurisdiction over OMR.

**{3}** Mabry's motion to reconsider was denominated as a "Rule 60 Motion," and alleged that the order dismissing OMR was "obtained by fraud and misrepresentations." *See* Rule 1-060(B)(3) NMRA (providing that the district court may relieve a party from a final judgment or order for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party"). At a hearing on the motion, the district court questioned whether it was limited to the legal grounds asserted in the motion to reconsider. Specifically, the district court questioned the parties whether it could consider any of the other reasons listed under Rule 1-060(B) if it concluded that the new evidence did not classify as "fraud" under Rule 1-060(B)(3) but, for example, concluded that the evidence was "newly discovered evidence" under Rule 1-060(B)(2). Not surprisingly, Mabry contended that the district court could properly consider any grounds which justified correcting the order, and OMR argued that the court was limited to considering the motion only under Rule 1-060(B)(3).

**{4}** The district court ruled that the new evidence did not amount to fraud under Rule 1-060(B)(3), and ordered the parties to brief "whether the new information that was attached to the Rule 1-060(B) motion would qualify as newly discovered

3

evidence [under Rule 1-060(B)(2)] which by due diligence could not have been discovered in time to move for a new trial." Mabry's brief argued for a liberal construction of Rule 1-060(B), and contended that the district court was not limited to any specific ground set forth in Rule 1-060(B) because the district court had authority to grant relief to ensure justice and fairness. Moreover, Mabry argued, the evidence was "newly discovered" because it was evidence that was not produced in response to discovery requests which encompassed the documents.

{5}     The district court ruled that the discovery request was not broad enough to include the new evidence and therefore, Rule 1-060(B)(2) did not apply, because it was not newly discovered evidence that OMR should have provided in discovery. Likewise, the district court rejected any consideration of the evidence under Rule 1-060(B)(6) on grounds that Mabry's motion was pursuant to 1-060(B)(2) or (B)(3) and that (B)(6) by its terms, does not include other grounds set forth in the rule. Rule 1-060(B)(6) (providing that the district court may relieve a part from a final judgment or order for "any other reason justifying relief from the operation of the judgment"). The district court ultimately denied Mabry's motion to reconsider, and Mabry appeals.

**STANDARD OF REVIEW**

**{6}** We review the district court's denial of Mabry's motion to reconsider for an abuse of discretion. *See Phelps Dodge Corp. v. Guerra*, 1978-NMSC-053, ¶ 20, 92 N.M. 47, 582 P.2d 819. However, the scope of a rule "and application of the rule to the facts involve questions of law which we review de novo." *Kinder Morgan CO2 Co. v. State Taxation & Revenue Dep't*, 2009-NMCA-019, ¶ 9, 145 N.M. 579, 203 P.3d 110.

**ANALYSIS**

**{7}** Our discussion entails a review of Rule 1-059(E) NMRA (2006, amended 2013) and Rule 1-060(B) (2012, amended 2013). We note that in 2013, technical changes were made to Rule 1-060 and substantive changes were made to Rule 1-059, thus references in this Opinion to these rules–unless otherwise noted–relate to the version that was in effect in 2012, when Mabry filed its motion to reconsider.

**{8}** Although Mabry filed a "Rule 60B Motion," the motion was filed ten days after the order dismissing OMR. Under these circumstances, *Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 10, 142 N.M. 527, 168 P.3d 99 specifically holds "that a motion challenging a judgment, filed within ten days of the judgment, should be considered a Rule 1-059(E) motion to alter or amend a judgment. Nomenclature is not controlling." (Alteration, internal quotation marks, and citation

5

omitted.) *See also In re Estate of Keeney*, 1995-NMCA-102, ¶ 11, 121 N.M. 58, 908 P.2d 751 (treating a motion to reconsider filed within ten days of an order granting summary judgment as a motion under Rule 1-059(E)). Thus, the timing controls how a court must view a motion to reconsider such as the motion before us in this case.

{9} Here, it is clear that the district court was unsure of whether it was restricted to considering Mabry's motion to reconsider strictly as a motion under Rule 1-060(B)(3), or whether it could consider the motion under another rule. In keeping with the holding of our Supreme Court in *Albuquerque Red-Mix*, we conclude that the district court was required to consider the motion pursuant to Rule 1-059(E). We do not fault the district court for not considering Rule 1-059(E), because at the time Mabry filed its motion to reconsider, no rule provided for motions "to reconsider" despite the frequency in which they were filed. *See* Rule 1-059 (2013) comm. cmt. Rule 1-059(E) was amended in 2013 to account for this anomaly, and the rule now expressly covers motions to reconsider. *See* Rule 1-059(E) (2013) (titled: "Motion to alter, amend, or *reconsider* a final judgment" (emphasis added)).

{10} Whether Rule 1-060 or Rule 1-059(E) applies is significant. "Although Rule [1-060(B)] motions require specific grounds, Rule [1-059(E)], which is subject to severe time limitations, is not so restricted as to the basis for relief. A trial court has considerable discretion to reconsider summary judgment under Rule [1-059(E)]."

6

*In re Estate of Keeney*, 1995-NMCA-102, ¶ 12 (citation omitted). Furthermore, as to the new materials presented by Mabry in support of the motion to reconsider, *In re Estate of Keeney* teaches: "There is no abuse of discretion for the trial court to consider new material as part of a motion for reconsideration under Rule [1-059] as long as the delay in presenting the new material is not just for strategic reasons, and its relevance outweighs any prejudice." *Id.*

{11}     In light of the foregoing, we conclude that the order of the district court denying Mabry's motion to reconsider must be reversed and the case remanded to the district court to decide whether to grant or deny Mabry's motion to reconsider under Rule 1-059(E).  Accordingly, we do not address the merits of whether the district court has personal jurisdiction over OMR, as resolution of this question of necessity depends on the district court's resolution of the motion to reconsider.

**CONCLUSION**

{12}     The order of the district court denying Mabry's motion to reconsider is reversed, and the case is remanded for further proceedings consistent with this Opinion.

{13}     **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

7

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**