This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

**v.**                                                                 **No. 35,137**

**JAMES WILSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

James Wilson
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}      Defendant James Wilson appeals from the alleged automatic denial of his motion to vacate his probation violation and his petition to amend order revoking

probation and imposing judgment and sentence. This Court issued a calendar notice proposing to dismiss Defendant's appeal for lack of a final order on the basis that Defendant's motions are not subject to automatic denial and are therefore still outstanding.

{2}     In this Court's notice of proposed disposition, we pointed out that, generally, a criminal action may only be appealed to this Court upon the entry of a final judgment. *See* NMSA 1978, § 39-3-3(A)(1) (1972). We further noted that an appellate court does not generally have jurisdiction where a final judgment has not been entered, *see, e.g.*, *State v. Griego*, 2004-NMCA-107, ¶ 22, 136 N.M. 272, 96 P.3d 1192, and that, in the absence of jurisdiction, we must dismiss. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 15, 101 N.M. 764, 688 P.2d 1268.

{3}     To the extent Defendant asserted that his motions were automatically denied, we noted that case law from this Court and our Supreme Court indicates that, absent an explicit automatic denial provision, post-judgment motions are not generally deemed denied by the passage of time. *See Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.,* 2007-NMSC-051, ¶¶ 9-12, 142 N.M. 527, 168 P.3d 99; *see also State v. Romero*, 2014-NMCA-063, ¶ 7, 327 P.3d 525. We noted that Defendant had not directed this Court to any such authority. *See Curry v. Great Nw. Ins. Co.*, 2014-

2

NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

{4}     Defendant filed a response to this Court's notice of proposed disposition. Defendant has not, however, provided this Court with authority establishing that a final order exists in this case. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). As a result, this Court has no choice but to dismiss for lack of jurisdiction. To the extent Defendant points out that we have not addressed the merits of his appeal, we note that, in the absence of jurisdiction, this Court remains unable to do so.

{5}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____

3

**J. MILES HANISEE, Judge**