This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOE MONDRAGON and**
**RUDY MONDRAGON,**

Petitioners-Appellees,

v.                                                            **No. 35,444**

**ANGELICA LEON,**

Respondent-Appellant,

**IN THE MATTER OF THE ESTATE**
**OF JOSE B. MAESTAS, Deceased.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Mallott, District Judge**

Armstrong & Armstrong, P.C.
Julia Lacy Armstrong
Taos, NM

for Appellees

Angelica Leon
Odessa, TX

Pro Se Appellant

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}      Respondent, Angelica Leon, appeals from a district court order entering a default judgment against her as a discovery sanction, pursuant to Rule 1-037 NMRA, as well as from the district court's denial of her motion for reconsideration and to set aside the default judgment and the district court's denial of her motion to reconsider the denial of the motion to set aside. This Court issued a calendar notice proposing summary dismissal for lack of a timely filed notice of appeal. Respondent, a self-represented litigant on appeal, filed an informal memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we dismiss.

{2}      In our calendar notice, we first suggested that Respondent's initial motion for reconsideration and to set aside judgment, filed within thirty days of the default judgment, should be treated as a motion for reconsideration pursuant to Rule 1-059(E) NMRA. [CN 3] *See* Rule 1-059(E) ("A motion to alter, amend, or reconsider a final judgment shall be filed not later than thirty (30) days after entry of the judgment."); *see also Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 10, 142 N.M. 527, 168 P.3d 99 (holding that "a motion challenging a judgment, filed within ten days of the judgment, should be considered a Rule 1-059 (E) motion"); *In re Estate of Keeney*, 1995-NMCA-102, ¶ 11, 121 N.M. 58, 908 P.2d 751 (treating a motion to reconsider filed within ten days of an order granting

2

summary judgment as a motion under Rule 1-059(E)).[1] In doing so, we noted that Respondent's motion for reconsideration and to set aside judgment did not specify the rule or statutory authority upon which it was based and that the substance of the motion directly attacked the propriety of the default judgment itself. [CN 3]

{3}      Having proposed to determine that Respondent's initial motion should be treated as a motion to reconsider, we then observed in our calendar notice that Respondent—in response to the district court's denial of the motion—filed a motion to reconsider the denial. [CN 4-5] We suggested, however, that the filing of that motion did not toll the time for filing a notice of appeal. [CN 5] *See* Rule 1-059 comm. cmt. (stating that after a "Rule 1-059(A) or (E) NMRA motion is made and denied, a motion to reconsider those rulings is not available and the time for appeal cannot be extended by filing a motion to reconsider"). Consequently, because the second motion for reconsideration did not extend the time for appeal, we proposed to conclude that Respondent was required to file a notice of appeal no later than

---

[1]*Albuquerque Redi-Mix* and *In re Estate of Keeney* were decided under the previous version of Rule 1-059(E), which required that a motion to alter or amend a judgment be brought within ten days of entry of the trial court's judgment. *See* Rule 1-059(E). Rule 1-059(E) was amended in 2013, and the rule now expressly covers motions to reconsider. *See* Rule 1-059(E) ("Motion to alter, amend, or *reconsider* a final judgment" (emphasis added)). The 2013 amendment requires that a Rule 1-059(E) motion be brought within thirty days of entry of the trial court's judgment. *See id.* ("A motion to alter, amend, or reconsider a final judgment shall be filed not later than thirty (30) days after entry of the judgment.).

December 3, 2015, and her January 30, 2016, motion to extend the time to file a notice of appeal was not timely. [CN 5]

{4}     In her memorandum in opposition, Respondent in essence contends that we erred in our determination that she filed two consecutive Rule 1-059(E) motions for reconsideration. [MIO 2] Instead, Respondent argues that the first motion was both a motion to reconsider and a "motion to consider setting aside the judgment entered." [MIO 2] Presumably, Respondent is asking us to treat her initial motion as having been brought, at least in part, pursuant to Rule 1-060 NMRA, despite the fact that, as we noted in our calendar notice, the motion is silent with respect to the specific grounds for relief from judgment under Rule 1-060(B)(1)-(6). [CN 3]

{5}     To the extent that we can liberally construe the nature of Respondent's initial motion to encompass Rule 1-060(B), even in the absence of reference to the rule or specific grounds for relief, we again note that Respondent did not file a notice of appeal in response to the district court's denial of her motion to set aside the default judgment. [CN 2] Instead, she filed a motion to reconsider the denial. [CN 2] The motion to reconsider, filed within thirty days of the district court's denial, but not within thirty days of the default judgment itself, served only to toll the time to appeal the district court's denial of her motion to set aside judgment. *See* Rule 1-059 comm. cmt. (stating that "any motion to reconsider a judgment must be filed within thirty (30)

days of entry of the judgment that is the subject of the motion"). Therefore, even accepting Respondent's argument, her appeal is timely only with respect to the district court's denial of her motion to set aside the default judgment.

{6}    We observe, however, that the eleven issues raised on appeal in Respondent's docketing statement are all directed at the propriety of the default judgment itself. [*See* DS 4-5] In fact, as we noted in our calendar notice, the docketing statement is silent with respect to Rule 1-060(B), does not set forth any of the specific grounds for relief from judgment under Rule 1-060(B)(1)-(6), and does not provide authority to support setting aside under Rule 1-060(B). [CN 3] *See* Rule 12-208(D)(5) NMRA (requiring that a docketing statement include "a list of authorities believed to support the contentions of the appellant"). Respondent's memorandum in opposition is equally silent as to Rule 1-060(B), and notably does not contain a motion to amend the docketing statement to add any challenge to the district court's denial of her motion to set aside. *See* Rule 12-208(F) (permitting the amendment of the docketing statement based upon good cause shown); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement).

{7}    To the extent that we could construe Respondent's statement—not in her memorandum in opposition, but rather in an information sheet provided along with

the memorandum in opposition—that the absence of her sisters as indispensable and necessary parties "raises the issue of jurisdiction over the persons as well as subject matter jurisdiction" as an assertion that the judgment is void under Rule 1-060(B)(4), and also to the extent that we could construe this single statement as a motion to amend the docketing statement, we conclude that this is not a viable issue. *See C.E. Alexander & Sons, Inc. v. DEC Int'l., Inc.*, 1991-NMSC-049, ¶ 8, 112 N.M. 89, 811 P.2d 899 (stating that the appellate courts "do not consider the test of indispensability to be jurisdictional"); *see also State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (stating that one of the essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement is that the issues raised are viable), *superseded by rule as stated by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{8}** In summary, Respondent's notice of appeal was timely only as to the district court's denial of her motion to set aside the default judgment, not the district court's order granting Petitioner's motion for entry of default judgment. Because each of the eleven issues raised on appeal relates to the underlying merits of the default judgment as a sanction for discovery violations under Rule 1-037, we conclude that Respondent failed to timely appeal those issues. *CF. Marquez v. Larrabee*, 2016-NMCA-087, ¶ 9, 382 P.3d 968 (addressing only the question of whether the district court correctly

denied the appellant's motion under Rule 1-060 under similar circumstances and determining that the appellant's issues directed at the default judgment were not timely appealed).

{9}     Accordingly, for the reasons stated above, as well as those provided in our calendar notice, we dismiss.

{10}    **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**M. MONICA ZAMORA, Judge**