**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2020-NMCA-038

Filing Date: March 3, 2020

No. A-1-CA-37052

IN THE MATTER OF THE PROTEST
OF MARC A. GELINAS TO
ASSESSMENT ISSUED UNDER
NO. L1020757296,

      Protestant-Appellee,

v.

NEW MEXICO TAXATION
AND REVENUE DEPARTMENT,

      Respondent-Appellant.

APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE
Christopher Romero, Hearing Officer

Certiorari Denied, May 11, 2020, No. S-1-SC-38244. Released for Publication October 6, 2020.

Marc A. Gelinas
La Pointe, WI

Pro Se Appellee

Hector H. Balderas, Attorney General
David Mittle, Special Assistant Attorney General
Santa Fe, NM

for Appellant

OPINION

**B. ZAMORA, Judge.**

**{1}** Appellee Marc A. Gelinas (Taxpayer) protested an assessment of tax by the New Mexico Taxation and Revenue Department (the Department) on gross receipts for commissions earned on the sale of implantable prosthetic devices. Following a hearing

and supplemental briefing by the parties, the hearing officer found in favor of Taxpayer and abated the assessment in full. The Department appealed. Because we conclude the filing of the Department's notice of appeal was not timely, we dismiss the Department's appeal with prejudice.

## DISCUSSION

**{2}** On January 9, 2018, the hearing officer filed his decision and order in favor of Taxpayer, finding that, under NMSA 1978, Section 7-9-66 (1999), and 3.2.1.18GG(6) NMAC,[1] Taxpayer's commissions were not subject to the gross receipts tax, and ordering the assessment be abated in full. On January 17, 2018, the Department filed a motion for reconsideration, arguing that Section 7-9-66 could not form the basis of Taxpayer's relief because it was not timely raised, and that the hearing officer had misinterpreted Section 7-9-66 and NMSA 1978, Section 7-9-93 (2016). The hearing officer denied the Department's motion for reconsideration on January 24, 2018. The Department filed its notice of appeal on February 16, 2018, twenty-three days after denial of its motion for reconsideration and thirty-eight days after the filing of the hearing officer's decision and order.[2] On March 1, 2018, Taxpayer filed a motion in opposition to notice of appeal arguing that the Department's appeal is untimely. We agree with Taxpayer.

**{3}** Our resolution of this issue presents an issue of statutory interpretation, and our review is therefore de novo. *See In re Grace H.*, 2014-NMSC-034, ¶ 65, 335 P.3d 746 (stating that "[o]ur interpretation of a statute is a question of law that an appellate court reviews de novo"). NMSA 1978, Section 7-1-25(A) (2015), of the Tax Administration Act provides that a party dissatisfied with a decision and order of the hearing officer "may appeal to the [C]ourt of [A]ppeals for further relief" and that "[a]ll such appeals to the [C]ourt of [A]ppeals shall be taken within thirty days of the date of mailing or delivery of the written decision and order of the hearing officer." Section 7-1-25(A). Subsection B of Section 7-1-25 states that "[t]he procedure for perfecting an appeal under this section to the [C]ourt of [A]ppeals shall be as provided by the Rules of Appellate Procedure." Rule 12-601 NMRA of the Rules of Appellate Procedure governs the perfection of direct appeals to this Court from decisions and orders issued by administrative agencies. *See* Rule 12-601. Rule 12-601(B) states that "[d]irect appeals from orders, decisions, or actions of boards, commissions, administrative agencies, or officials shall be taken by filing a notice of appeal with the appellate court clerk . . . within thirty (30) days from the date of the order, decision, or action appealed from."

**{4}** The Department does not dispute that it filed its notice of appeal more than thirty days after the hearing officer filed his decision and order. However, notwithstanding the plain language of the provisions governing this appeal, the Department contends its

---

[1]In his order and decision, the hearing officer cited Regulation 3.2.1.18HH. This appears to have been in error. Subsection GG pertains to commission of independent contracts, while Subsection HH pertains to receipts from winning contests.

[2]There is some confusion in the pleadings about the date the notice of appeal was filed, but the notice was in fact filed on February 16, 2018.

appeal is timely because the filing of a motion for reconsideration tolls the period for filing a notice of appeal and, even if it does not, the Department's appeal includes a challenge to the hearing officer's denial of its motion for reconsideration, and the time for appealing that order did not expire until February 24, 2018. The Department contends there is an absence of guidance in Rule 12-601 and Section 7-1-25, because neither includes language addressing the effect of a party's filing of a motion for reconsideration on the timeliness of an appeal, and asks us to import statutory language from "other procedural rules" to provide such guidance. We decline to do so.

**{5}** "When a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *State ex rel. Helman v. Gallegos*, 1994-NMSC-023, ¶ 18, 117 N.M. 346, 871 P.2d 1352 (internal quotation marks and citation omitted). Here, neither Section 7-1-25 nor Rule 12-601, nor the interplay between the two, contains any ambiguity with respect to the time for filing an appeal of a decision and order issued by a hearing officer considering a tax protest. *See* § 7-1-25(A); Rule 12-601(B). However, even if we were to look beyond the clear and unambiguous language of both the statute and rule that govern this appeal, we remain unpersuaded by the Department's arguments directing us to other rules (which govern appeals to district courts). The first such statute, NMSA 1978, Section 39-3-1.1(A) (1999), is expressly limited to "judicial review of agency final decisions that are *placed under the authority of this section by specific statutory reference.*" (Emphasis added.) That condition is not satisfied here. The second, Rule 1-074 NMRA, says nothing about the effect of a motion for reconsideration on the time to file a notice of appeal. *See* Rule 1-074 (setting the date for filing a notice of appeal to the district court at thirty days). And the third, Rule 12-505(C) NMRA, makes it plain that when our Supreme Court wishes to make finality dependent upon whether a motion for reconsideration is filed, it is capable of doing so by including appropriate language. *See* Rule 12-505(C) (stating that "[f]inal action by the district court shall be the filing of a final order or judgment in the district court unless timely motion for rehearing is filed, in which event, final action shall be the disposition of the last motion for rehearing that was timely filed); *United Rentals Nw., Inc. v. Yearout Mech., Inc.*, 2010-NMSC-030, ¶ 25, 148 N.M. 426, 237 P.3d 728 ("[I]f a statute on a particular subject omits a particular provision, inclusion of that provision in another related statute indicates an intent that the provision is not applicable to the statute from which it was omitted." (alteration, internal quotation marks, and citation omitted)). The "other procedural rules" the Department relies upon are therefore unavailing.

**{6}** Finally, we are not persuaded that the Department is entitled to appeal the hearing officer's denial of its motion for reconsideration separately from its appeal of the decision and order, such that its notice of appeal was rendered timely in this case. As we have explained, the rule governing a direct appeal of a hearing officer's decision establishes the filing timeline based on the issuance of the decision and order. *See* § 7-1-25(A). The Department has pointed to no statute, case, or rule authorizing an appeal from the denial of a motion for reconsideration issued in a matter arising under the Tax Administration Act and we therefore presume none exists. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support

an argument, we may assume no such authority exists."). Moreover, to conclude otherwise would effectively insert the tolling language urged by the Department into Rule 12-601 and Section 7-1-25 that we have rejected.

**{7}**     This Court must dismiss a case when it does not have jurisdiction, *see Thornton v. Gamble*, 1984-NMCA-093, ¶ 15, 101 N.M. 764, 688 P.2d 1268, and the timeliness of an appeal is a mandatory precondition to the exercise of our jurisdiction. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (stating that satisfaction of time and place requirements for filing a notice of appeal are mandatory preconditions to the exercise of appellate jurisdiction). We will not waive this precondition in the absence of unusual circumstances. *See Santa Fe Pac. Tr., Inc. v. City of Albuquerque*, 2012-NMSC-028, ¶ 31, 285 P.3d 595 ("An untimely appeal will not be excused when the appellant is responsible for not filing a notice of appeal on time and there are no unusual circumstances warranting excusal."). We perceive no such circumstances here. The Department has offered no reason why it was unable to comply with the thirty-day rule for filing a notice of appeal in this matter. The hearing officer disposed of the Department's motion for reconsideration five days before the notice deadline and, in its order denying the motion, clearly instructed that "[m]otions for reconsideration may not be used to circumvent the appeals process and do not extend the time for taking an appeal." The Department had ample time to file a timely notice of appeal following the denial of its motion, yet failed to do so. We therefore conclude the Department's appeal is untimely.

**CONCLUSION**

**{8}**     Based on the foregoing, we dismiss the Department's appeal with prejudice.

**{9}     IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**JACQUELINE R. MEDINA, Judge**