This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37896**

**ESTATE OF RICHARD SHOUDT**
**and DIANE K. SHOUDT,**

      Protestants-Appellees,

v.

**NEW MEXICO TAXATION & REVENUE**
**DEPARTMENT,**

      Respondent-Appellant,

**IN THE MATTER OF THE PROTEST**
**OF THE NOTICE OF CLAIM OF TAX**
**LIEN ISSUED UNDER LETTER ID NO.**
**L0468477232.**

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE**
**Dee Dee Hoxie, Hearing Officer**

Sanchez, Mowrer & Desiderio, P.C.
Robert J. Desiderio
Isaac S. Emmanuel
Albuquerque, NM

Betzer, Roybal & Eisenberg, PC
Benjamin C. Roybal
Albuquerque, NM

for Appellees

Hector H. Balderas, Attorney General
David Mittle, Special Assistant Attorney General
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Appellees Diane K. Shoudt and the Estate of Richard Shoudt (collectively, Protestants) protested the issuance of a tax lien by the New Mexico Taxation and Revenue Department (the Department) for unpaid taxes assessed to a purported sole proprietorship owned by Diane K. Shoudt's deceased husband. Following Protestants' motion for summary judgment, the Administrative Hearings Office (AHO) hearing officer found in Protestants' favor and ordered the Department to release the lien. The Department filed a motion for reconsideration, which was denied, and then appealed both orders to this Court. Because we conclude the Department's notice of appeal was not timely, pursuant to *Gelinas v. New Mexico Taxation & Revenue Department*, 2020-NMCA-038, 472 P.3d 1231, *cert. denied*, 2020-NMCERT-____ (No. S-1-SC-38244, May 11, 2020), and the Department's arguments in support of a contrary result are not persuasive, we dismiss the Department's appeal.

**DISCUSSION**

**{2}** The hearing officer issued the decision and order granting summary judgment in Protestants' favor on November 21, 2018. The decision and order contained specific information addressing the Department's right to appeal:

> Pursuant to NMSA 1978, [Section] 7-1-25 [(2015)], the parties have the right to appeal this decision by filing a notice of appeal with the New Mexico Court of Appeals within [thirty] days of the date shown above. *See* Rule 12-601 NMRA. If an appeal is not filed within [thirty] days, this [d]ecision and [o]rder will become final.

(Emphasis omitted.) The Department did not appeal within thirty days of the issuance of the decision and order, instead moving the hearing officer to reconsider. The hearing officer denied the motion for reconsideration on December 28, 2018, and the Department filed a notice of appeal on January 24, 2019, purporting to appeal both the order denying the motion for reconsideration and the decision and order granting summary judgment. Consequently, the Department's notice of appeal was filed sixty-four days after the decision and order was issued and twenty-seven days after the denial of the motion for reconsideration. Protestants argue that the appeal should be dismissed as untimely. For the reasons that follow, we agree.

**I.     The Appeal Is Untimely Under *Gelinas***

**{3}** This Court in *Gelinas* recently explained that a motion for reconsideration of an AHO hearing officer's decision and order does not toll the time to appeal. Relying on the plain language of the statute and rule governing such appeals, *Gelinas* first held that the Department's appeal, filed less than thirty days after the hearing officer's denial of the Department's motion for reconsideration but more than thirty days after the hearing officer's decision and order, was untimely. 2020-NMCA-038, ¶¶ 1, 3, 7 (construing Section 7-1-25 of the Tax Administration Act, NMSA 1978, §§ 7-1-1 to -83 (1965, as

amended through 2021), and Rule 12-601 of the Rules of Appellate Procedure). *Gelinas* also held that, in this context, the Department was not "entitled to appeal the hearing officer's denial of its motion for reconsideration separately from its appeal of the decision and order," reasoning that allowing a separate appeal of an order denying a motion for reconsideration "would effectively insert the tolling language urged by the Department into Rule 12-601 and Section 7-1-25 that we have rejected." *Gelinas*, 2020-NMCA-038, ¶ 6; *cf. Armijo v. Save 'N Gain*, 1989-NMCA-014, ¶ 20, 108 N.M. 281, 771 P.2d 989 (observing that "New Mexico follows the . . . approach . . . that in the absence of an express grant of authority, the power of any administrative agency to reconsider its final decision exists only where the statutory provisions creating the agency indicate a legislative intent to permit the agency to carry into effect such power"). We conclude that, under *Gelinas*, the Department's appeal, coming as it did more than thirty days after the hearing officer's decision and order, is not timely. *See* 2020-NMCA-038, ¶ 5.

**{4}** The Department seeks to avoid this conclusion, arguing that (1) *Gelinas* should not apply retroactively to this case, and, alternatively, (2) unusual circumstances excuse the Department's untimeliness. We address each argument in turn.

## II. *Gelinas* Applies Retroactively

**{5}** "The general presumption is that the holding established in a civil case will 'apply retroactively.' " *Baca v. State*, 2017-NMCA-076, ¶ 16, 404 P.3d 789 (quoting *Marckstadt v. Lockheed Martin Corp.*, 2010-NMSC-001, ¶ 31, 147 N.M. 678, 228 P.3d 462 (setting out three factors for determining whether the presumption of retroactivity is overcome)). "The preliminary inquiry in a retroactivity analysis is whether the case in question announced a new rule." *Edenburn v. N.M. Dep't of Health*, 2013-NMCA-045, ¶ 29, 299 P.3d 424. The Department contends that *Gelinas* announced a new rule because it "overruled clear past precedent on which the litigants may have relied." *See Marckstadt*, 2010-NMSC-001, ¶ 31 ("[T]he decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." (internal quotation marks and citation omitted)). In support, the Department cites only a proposed summary calendar disposition from another case, in which this Court proposed that the filing of a motion for reconsideration of a hearing officer's decision and order extended the time to file a notice of appeal. Contrary to the Department's assertion, this proposed disposition does not amount to a holding of this Court, nor is it precedent.

**{6}** It is well established that "unpublished orders, decisions, or memorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties." *State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361. Moreover, it is "even less appropriate" to cite or rely on a notice of proposed disposition as controlling authority because, for a variety of reasons, a notice of proposed disposition "may not indicate the ultimate disposition of [a] case." *Id.* ¶ 49. A notice of proposed disposition is not precedent; instead, it is signed by only one judge and "is a preliminary and tentative indication of how a panel might resolve the

issues on appeal, but it is no more than that." *Id.* Thus, the cited proposed disposition is not, as the Department contends, a "past precedent" of this Court that *Gelinas* overruled.

**{7}** Nor did *Gelinas* otherwise establish a new rule of law. As this Court has recognized, where, as in *Gelinas*, the result was foreseeable as a matter of statutory interpretation of a statute's explicit language, *see* 2020-NMCA-038, ¶ 5 (giving effect to the clear language of Section 7-1-25 and Rule 12-601), it will not be considered a new rule for purposes of a retroactivity analysis. *See Baca*, 2017-NMCA-076, ¶ 18 (holding that where the statutory interpretations announced in a case were foreseeable and consistent with legislative intent, the first *Marckstadt* factor is not satisfied); *Gomez v. Chavarria*, 2009-NMCA-035, ¶ 14, 146 N.M. 46, 206 P.3d 157 ("Given what we believe is the only reasonable construction of the statutes at issue here, we hold that the [retroactivity] elements . . . are not met."). In short, because *Gelinas* did not create a new principle of law, we conclude the Department has failed to overcome the presumption of retroactivity and *Gelinas* therefore is applicable in this case. *See Figueroa v. THI of N.M. at Casa Arena Blanca, LLC*, 2013-NMCA-077, ¶ 41, 306 P.3d 480 (holding, where no new rule was created, that the defendant failed to overcome the presumption of retroactivity, without considering the other two factors of the retroactivity test).

## III. Unusual Circumstances Do Not Exist

**{8}** The Department next contends that, even if *Gelinas* is given retroactive effect, the Department's late appeal should be excused. Although the timeliness of an appeal is a mandatory precondition to the exercise of our jurisdiction, *see Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94, and this Court must dismiss a case when it does not have jurisdiction, *see Thornton v. Gamble*, 1984-NMCA-093, ¶ 15, 101 N.M. 764, 688 P.2d 1268, we may waive this mandatory precondition where "unusual circumstances" are present. *See Santa Fe Pac. Tr., Inc. v. City of Albuquerque*, 2012-NMSC-028, ¶ 31, 285 P.3d 595 ("An untimely appeal will not be excused when the appellant is responsible for not filing a notice of appeal on time and there are no unusual circumstances warranting excusal."). We are unpersuaded that such circumstances exist here.

**{9}** The Department urges this Court to conclude that unusual circumstances exist in the form of court error. *See Trujillo v. Serrano*, 1994-NMSC-024, ¶ 16, 117 N.M. 273, 871 P.2d 369 ("One unusual circumstance which would warrant permitting an untimely appeal might arise if the delay was the result of judicial error."). Again relying on the above-referenced proposed disposition, the Department contends this Court provided incorrect information upon which the Department reasonably relied. We disagree. As noted, a proposed disposition is not precedent. *See Gonzales*, 1990-NMCA-040, ¶ 49. Thus, to the extent the Department relied on a notice of proposed disposition, rather than the applicable statute and rule, to determine how to perfect its appeal, the Department did so at its own peril. *See In re Estate of Newalla*, 1992-NMCA-084, ¶ 21, 114 N.M. 290, 837 P.2d 1373 (recognizing as a possible "exceptional circumstance" a

party's "*reasonable reliance on a precedent*" indicating the timing of the appeal was proper (emphasis added)); *see also Wakeland v. N.M. Dep't of Workforce Sols.*, 2012-NMCA-021, ¶ 25, 274 P.3d 766 (reiterating that "[s]imply being confused or uncertain about the appropriate procedure for seeking review is not the sort of unusual circumstance beyond the control of a party that will justify an untimely filing").

**{10}** We additionally understand the Department to assert that *Gelinas* is distinguishable because the order denying reconsideration in this case was different from the order in *Gelinas* in that it (1) did not instruct the parties that the motion did not extend the time to file a notice of appeal, and (2) was filed more than thirty days after the hearing officer's decision and order.[1] *See Gelinas*, 2020-NMCA-038, ¶ 7. While we acknowledge these differences, the Department has not convinced us that they render *Gelinas* inapplicable to this case or that they amount to unusual circumstances. As in *Gelinas*, the Department here offers no reason it was unable to comply with the thirty-day rule for filing a notice of appeal in this matter. *See id.* And, to the extent the Department argues that the AHO's actions gave rise to unusual circumstances, asserting it was misled by the AHO's history of reconsidering its decisions and orders and by the timing and language of the order denying the Department's motion for reconsideration in this case, we are not persuaded. The Department does not explain why it ignored the clear statement in the hearing officer's decision and order informing the parties that the decision and order would become final if not appealed within thirty days. *See, e.g.*, *Trujillo*, 1994-NMSC-024, ¶ 16; *Wakeland*, 2012-NMCA-021, ¶ 20. But even if we were to give the Department the benefit of the doubt and assume the AHO's past actions created legitimate confusion about perfecting the appeal, the blame would fall on the Department for not seeking clarification on the question. *Cf. Maples v. State*, 1990-NMSC-042, ¶¶ 6-7, 110 N.M. 34, 791 P.2d 788 (outlining steps that should have been taken, in lieu of inaction, to ensure that an appeal was perfected).

**{11}** We perceive no justification for the Department's failure to heed the unambiguous notice in the decision and order or otherwise seek clarification on the steps for perfecting an appeal. *See Santa Fe Pac. Tr.*, 2012-NMSC-028, ¶ 31 (declining to excuse an untimely appeal where neither judicial error nor circumstances beyond the appellant's control occurred); *Wakeland*, 2012-NMCA-021, ¶ 25 (same). In short, no unusual circumstances excuse the Department's untimely appeal.

**CONCLUSION**

**{12}** For the foregoing reasons, we dismiss the Department's appeal as untimely filed.

**{13}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

---

[1] We note that, to the extent the Department contends it was surprised or misled because it was without this additional information provided to the parties in *Gelinas*, these arguments are undercut by the fact that counsel for the Department in this case was also counsel for the Department in *Gelinas*.

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**BRIANA H. ZAMORA, Judge**