This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38199**

**RICHARD S. GRIEGO, SR, as Personal Representative for the ESTATE OF SHARON ELAINE GRIEGO, Deceased,**

Plaintiff-Appellant,

v.

**PRESBYTERIAN HEALTHCARE SERVICES d/b/a/ PRESBYTERIAN HOSPITAL d/b/a ALBUQUERQUE AMBULANCE SERVICE; and BERNALILLO COUNTY HEALTH CARE CORPORATION d/b/a ALBUQUERQUE AMBULANCE SERVICE, an affiliate of Presbyterian Hospital Services and a division of Presbyterian Hospital,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Judge**

Vigil Law Firm, P.A.
Jacob G. Vigil
Albuquerque, NM

L. Helen Bennett
Albuquerque, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Edward Ricco
Jocelyn Drennan
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}**     Plaintiff Richard S. Griego Sr., as the personal representative for the Estate of Sharon Griego, appeals the final judgment after a jury trial, the district court's order denying Plaintiff's motion for new trial, and the district court's order denying Plaintiff's motion for reconsideration. Because Plaintiff's appeal of the final judgment and the order denying the motion for new trial was untimely, we decline to exercise jurisdiction over Plaintiff's appeal from the same. However, because Plaintiff's appeal of the order denying the motion for reconsideration is timely, we review it to the extent it is separately reviewable from the underlying judgment, and we find no abuse of discretion. We affirm.

**DISCUSSION**

**I.       Plaintiff's Appeal of the Judgment and the Order Denying the Motion for New Trial Was Untimely**

**{2}**     Defendants argue Plaintiff's motion for reconsideration was untimely, rendering it ineffective in tolling the time to appeal the judgment and the order denying the motion for new trial. As a result, Defendants contend, the order denying the motion for reconsideration is the only order timely appealed. Plaintiff does not directly address the untimeliness of the motion for reconsideration but instead briefly contends the rules of procedure are ambiguous. We agree with Defendants.

**{3}**     After a jury trial, the final judgment in this case was entered by the district court on August 12, 2018. Prior to the entry of judgment, Plaintiff filed a motion for new trial on August 3, 2018, and the district court entered an order denying Plaintiff's motion on November 29, 2018. On December 31, 2018, Plaintiff filed a motion for reconsideration of the order denying the motion for new trial, which was denied by the district court on April 1, 2019. Plaintiff then filed a notice of appeal on April 29, 2019.

**{4}**     "Determining whether [an] appeal was timely involves the interpretation of court rules, which we review de novo." *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 7, 145 N.M. 650, 203 P.3d 865. As relevant to this case, the deadline for filing a notice of appeal is thirty days after entry of the judgment or order appealed from. Rule 12-201(A)(1)(b) NMRA. Rule 12-201(D)(1) provides for the tolling of this period in certain circumstances:

> If any party *timely* files a motion that has the potential to affect the finality of the underlying judgment or sentence, the full time prescribed in this rule for the filing of the notice of appeal shall commence to run and be computed from the filing of an order expressly disposing of the last such remaining motion.

(Emphasis added.) *See also State v. Romero*, 2014-NMCA-063, ¶ 5, 327 P.3d 525 ("[T]he finality of a judgment may be suspended by the timely filing of a motion for reconsideration."). Motions for new trial and motions to reconsider a final judgment, such as those filed by Plaintiff in this case, have the potential to affect the finality of the underlying judgment. *See* Rule 12-201(D)(1)(a) (listing as examples of motions potentially affecting the finality of the underlying judgment those made under Rule 1-059 NMRA and NMSA 1978, Section 39-1-1 (1917)). Such motions, when filed within thirty days after entry of the judgment are timely, *see* Rule 1-059(B), (E); *see also* § 39-1-1, and, therefore, toll the time to appeal. *See* Rule 12-201(D)(1).

{5}     Applying these principles to Plaintiff's case: Plaintiff's motion for new trial, coming prior to entry of the judgment, was timely, *see* Rule 1-059(B), and suspended the finality of the underlying judgment until that motion was denied on November 29, 2018, *see* Rule 12-201(D)(1). Plaintiff's subsequent motion for reconsideration, coming more than thirty days after entry of the underlying judgment, was untimely, *see* Rule 1-059(E), and did not suspend the finality of the underlying judgment, *see* Rule 12-201(D)(1). Thus, the notice of appeal of the judgment and the order denying the motion for new trial was due thirty days after the denial of the motion for new trial, on December 31, 2018. *See* Rule 12-201(A)(1)(b), (D)(1). Plaintiff's April 29, 2019, notice of appeal was accordingly untimely as to the judgment and the order denying the motion for new trial. *See id.*

{6}     In an attempt to avoid such result, Plaintiff makes a passing reference to potential ambiguity in the aforementioned rules. We are not persuaded. Rule 1-059(E) provides that "[a] motion to . . . reconsider a final judgment shall be filed not later than thirty (30) days after *entry of the judgment*." (Emphasis added.) By its plain terms, the rule requires that a motion to reconsider be filed within thirty days after entry of the judgment, not some subsequent act like entry of an order denying a motion for new trial. *See State v. Granado*, 2007-NMCA-058, ¶ 22, 141 N.M. 575, 158 P.3d 1018 ("When construing rules of procedure, we apply the same rules that are applicable to statutory construction. We therefore look first to the plain meaning of the rule and refrain from further interpretation when the language is clear and unambiguous." (citation omitted)). Further, case law, as well as committee commentary to the rule, which we find persuasive, *see Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 13, 142 N.M. 527, 168 P.3d 99, make clear that Plaintiff's successive attack on the judgment was not effective in extending the time to appeal. *See Salinas v. John Deere Co.*, 1984-NMCA-121, ¶ 37, 103 N.M. 336, 707 P.2d 27 ("The rules do not permit successive attacks upon final judgments by motions to reconsider orders that deny a new trial or that deny or grant an alteration or amendment of the judgment." (internal quotation marks and citation omitted)); Rule 1-059 comm. cmt. (providing that after, for example, a motion for new trial "is made and denied, a motion to reconsider [such] ruling[] is not available and the time for appeal cannot be extended by filing a motion to reconsider"). Accordingly, because Plaintiff's motion for reconsideration was untimely and amounted to an impermissible successive attack on the judgment, it did not toll the time to appeal.

**{7}** In short, Plaintiff's notice of appeal was filed more than thirty days after the denial of the motion for new trial and, therefore, was not timely as to the final judgment or the order denying the motion for new trial. *See* Rule 1-059(E); Rule 12-201(A)(1)(b), (D)(1). The timeliness of an appeal is a mandatory precondition to the exercise of this Court's jurisdiction, *see Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94, and "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects," *Trujillo v. Serrano*, 1994-NMSC-024, ¶ 19, 117 N.M. 273, 871 P.2d 369. Because Plaintiff does not argue such unusual circumstances exist, we decline to exercise jurisdiction over Plaintiff's untimely appeal from the final judgment and the order denying the motion for new trial. *See Gelinas v. N.M. Tax'n & Revenue Dep't*, 2020-NMCA-038, ¶¶ 7, 8, 472 P.3d 1231 (dismissing untimely appeal).

## II. Assuming Plaintiff Can Separately Appeal the Denial of the Motion for Reconsideration, the District Court Did Not Abuse Its Discretion in Denying the Motion

**{8}** Plaintiff's notice of appeal was filed within thirty days after the district court's order denying Plaintiff's motion for reconsideration and, therefore, is timely as to that order. *See* Rule 12-201(A)(1)(b). To the extent that the denial of Plaintiff's motion for reconsideration is separately reviewable from the underlying judgment,[1] we review that order for abuse of discretion. *See Unified Contractor, Inc. v. Albuquerque Hous. Auth.*, 2017-NMCA-060, ¶ 77, 400 P.3d 290. Defendants argue that Plaintiff's motion for

---

[1]We note that this Court has previously called into doubt whether an order denying a motion to reconsider is separately appealable in the absence of an appeal of the underlying judgment. *See Vill. of Los Ranchos de Albuquerque v. Shiveley*, 1989-NMCA-095, ¶ 15, 110 N.M. 15, 791 P.2d 466 ("To the extent [the] defendants intend to suggest that the denial of a motion for reconsideration is a separate, appealable event, we disagree."); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2818 (3d ed. 2021) ("Similarly, the denial of a motion to amend or alter the judgment is not separately appealable but may be considered on appeal from the underlying judgment."); *Albuquerque Redi-Mix*, 2007-NMSC-051, ¶ 9 (providing that "federal construction of the federal rules is persuasive authority for the construction of New Mexico rules").

This Court, however, has also treated untimely successive motions to reconsider as substantively equivalent to denials of motions to set aside a judgment under Rule 1-060(B) NMRA, which are separately appealable, and reviewed such motions to reconsider. *See, e.g.*, *Bank of N.Y. Mellon v. Saul*, No. A-1-CA-38982, memo. op. ¶ 3 (N.M. Ct. App. Oct. 27, 2021) (non-precedential) ("Successive motions to reconsider, filed after thirty days of the underlying judgment, do not extend the time for appealing the underlying judgment . . . but instead are construed as appeals from the denial of a motion to set aside the judgment under Rule 1-060(B)[.]"); *Sena v. Nieto*, No. A-1-CA-38445, memo. op. ¶ 4 (N.M. Ct. App. July 7, 2020) (non-precedential) (same).

We do not resolve whether it is more appropriate to treat the order denying Plaintiff's motion for reconsideration as a nonappealable event from the underlying judgment or, alternatively, as a separately appealable denial of a Rule 1-060(B) motion. This matter was not briefed by the parties, and, ultimately, its resolution does not materially affect the disposition of this appeal, given that we affirm the order denying Plaintiff's motion for reconsideration. *See State ex rel. Hum. Servs. Dep't v. Staples*, 1982-NMSC-099, ¶ 3, 98 N.M. 540, 650 P.2d 824 (stating that "courts risk overlooking important facts or legal considerations when they take it upon themselves to raise, argue, and decide legal questions overlooked by the lawyers who tailor the case to fit within their legal theories" (alteration, internal quotation marks, and citation omitted)); *Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("A reviewing court generally does not decide academic or moot questions.").

reconsideration raised issues that could have been, but were not, raised at trial and otherwise "rehashed" arguments already made in Plaintiff's motion for new trial. Given this, Defendants contend, it was no abuse discretion for the district court to deny Plaintiff's motion for reconsideration. Plaintiff does not directly respond to this argument but, instead, delves into the merits of the underlying arguments advanced in the motion for reconsideration. We again agree with Defendants.

{9}     Plaintiff's motion for reconsideration raised two arguments, both of which had been previously made, and both of which related to defense counsel's references at trial to a written declaration made by Plaintiff's expert witness, Dr. Antony Kallur, that was not itself admitted into evidence. Principally, Plaintiff argued in the motion for reconsideration that Defendants' references to Dr. Kallur's declaration at trial were impermissible because the declaration was drafted and offered to Defendants "solely for compromise negotiation of Plaintiff's claim[,]" and, as a result, could not be used as evidence at trial pursuant to Rule 11-408 NMRA. Plaintiff failed to raise this argument at trial, but advanced it in the reply memorandum in support of the motion for new trial. And the district court, in denying Plaintiff's motion for new trial, rejected this argument. As for Plaintiff's second argument in the motion for reconsideration, Plaintiff argued that Defendants' references to Dr. Kallur's declaration impermissibly created a "prejudicial and unfair suggestion that Plaintiff's [c]ounsel and Dr. Kallur somehow colluded to create causation evidence[.]" While Plaintiff made this argument, more generally, in a pretrial motion in limine, and initially objected to a line of questioning at trial, Plaintiff thereafter failed to object when defense counsel made the allegedly improper references to the declaration. Plaintiff previously advanced this argument in support of the motion for new trial, contending that such references at trial constituted prejudicial misconduct. And again the district court, in denying Plaintiff's motion for new trial, rejected this argument.

{10}    This Court has held that a district court does not abuse its discretion in denying a motion to reconsider that was "merely a restatement of the arguments [the moving party] had already advanced." *Unified Contractor*, 2017-NMCA-060, ¶ 77 (alteration, internal quotation marks, and citation omitted); *see also Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 10, 135 N.M. 423, 89 P.3d 672 (concluding, in light of the fact that the "motion for reconsideration was merely a restatement of the arguments [the moving party] had already advanced," the trial court "had good reason for denying the motion in its entirety"). Additionally, when an argument that could have been raised at an earlier stage of the proceedings is raised for the first time in a motion to reconsider, this Court has held there is no abuse of discretion in rejecting such an argument. *Cf. Beggs v. City of Portales*, 2013-NMCA-068, ¶ 28, 305 P.3d 75 (recognizing that, "[t]o the extent [the p]laintiffs' motion for reconsideration raised new matters that could have been raised during the [briefing stage] but were not, such failure would provide a basis [for] . . . denial of the motion"); *Nance v. L. J. Dolloff Assocs., Inc.*, 2006-NMCA-012, ¶¶ 23-26, 138 N.M. 851, 126 P.3d 1215 (concluding there was no abuse of discretion in denying motion to reconsider where the movant raised a new argument and evidence that could have been presented at a summary judgment hearing but were not).

**{11}** In light of the nature of Plaintiff's motion for reconsideration—making arguments that could have been, but largely were not, raised at trial, and rehashing arguments already advanced by Plaintiff in the motion for new trial and rejected by the district court—we cannot conclude that the district court abused its discretion in denying Plaintiff's motion.

**CONCLUSION**

**{12}** For the foregoing reasons, we decline to exercise jurisdiction over Plaintiff's untimely appeal from the final judgment and the order denying the motion for new trial. Further, assuming the denial of Plaintiff's motion for reconsideration is separately reviewable on appeal, it withstands review. We affirm.

**{13}   IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**