This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40934

**CITIBANK (SOUTH DAKOTA) NA, CITIBANK FSB, CITICARD NEW ACCEPTANCE, CITICARD SOUTH DAKOTA ACCEPTANCE CORPORATION, CITICORP TRUST BANK, ASSOCIATES CAPITAL BANK, CITI OMNI LLC, DEPARTMENT STORE NATIONAL BANK, CITIBANK (WEST) FSB, UNIVERSAL FINANCIAL CORPORATION, CITIBANK USA NA, CITIFINANCIAL CREDIT CORPORATION, CITIBANK (NEVADA) NA, and PRIME RECEIVABLE CORPORATION,**

Protestants-Appellants,

v.

**NEW MEXICO TAXATION & REVENUE DEPARTMENT,**

Respondent-Appellee,

**IN THE MATTER OF THE PROTEST OF CITIBANK (SOUTH DAKOTA) NA TO ASSESSMENTS ISSUED UNDER LETTER ID NOS. L0787359184 & L0116755776;**

**IN THE MATTER OF THE PROTEST OF CITIBANK FSB TO ASSESSMENTS ISSUED UNDER LETTER ID NOS. L0265545168 & L2060455232;**

**IN THE MATTER OF THE PROTEST OF CITICARD NEW ACCEPTANCE TO ASSESSMENTS ISSUED UNDER LETTER ID NOS. L1132488144 & L0651169088;**

**IN THE MATTER OF THE PROTEST OF**

CITICARD SOUTH DAKOTA ACCEPTANCE
CORPORATION TO ASSESSMENTS ISSUED
UNDER LETTER ID NOS. L0629990864 &
L0113800512,

IN THE MATTER OF THE PROTEST OF
CITICORP TRUST BANK TO ASSESSMENTS
ISSUED UNDER LETTER ID NO. L0918308304;

IN THE MATTER OF THE PROTEST OF
ASSOCIATES CAPITAL BANK TO ASSESSMENTS
ISSUED UNDER LETTER ID NOS. L0291874256
& L1791522112;

IN THE MATTER OF THE PROTEST OF CITI
OMNI LLC TO ASSESSMENTS ISSUED UNDER
LETTER ID NOS. L1449379280 & L1056503104;

IN THE MATTER OF THE PROTEST OF
DEPARTMENT STORE NATIONAL BANK TO
ASSESSMENTS ISSUED UNDER LETTER ID NO.
L1299817936;

IN THE MATTER OF THE PROTEST OF
CITIBANK (WEST) FSB TO ASSESSMENTS
ISSUED UNDER LETTER IF NOS. L2062912832
& L2005386704;

IN THE MATTER OF THE PROTEST OF
UNIVERSAL FINANCIAL CORPORATION TO
ASSESSMENTS ISSUED UNDER LETTER
ID NOS. L0615871808 & L0667166160;

IN THE MATTER OF THE PROTEST OF
CITIBANK USA NA TO ASSESSMENTS ISSUED
UNDER LETTER ID NO. L2139375056;

IN THE MATTER OF THE PROTEST OF
CITIFINANCIAL CREDIT CORPORATION TO
ASSESSMENTS ISSUED UNDER LETTER ID
NO. L17244132548;

IN THE MATTER OF THE PROTEST OF
CITIBANK (NEVADA) NA TO ASSESSMENT
ISSUED UNDER LETTER ID NOS.
L0517662160 & L0788067648;

IN THE MATTER OF THE PROTEST OF PRIME

RECEIVABLE CORPORATION TO ASSESSMENTS
ISSUED UNDER LETTER ID NO. L1493571024,

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE**
**Brian VanDenzen, Chief Hearing Officer**

Holland & Hart LLP
Larry J. Moñtano
Olga Serafimova
Santa Fe, NM

for Appellants

Raúl Torrez, Attorney General
David Mittle, Special Assistant Attorney General
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** Multiple related entities (Taxpayer) appeal the administrative hearing officer's 2023 decision and order denying Taxpayer's motion to reconsider and finding that the hearing officer did not have jurisdiction to consider whether the New Mexico Department of Taxation and Revenue (the Department) properly refused to acknowledge Taxpayer's 2019 claims for refund. Concluding that Taxpayer's appeal is untimely, we affirm.

## BACKGROUND

**{2}** In 2012 and 2013, the Department issued twenty-three assessments to Taxpayer for unpaid corporate income taxes. In 2013 and 2014, Taxpayer disputed its tax liability (the first protest) and protested each assessment to the Department. For each protest, the Department requested a hearing before a hearing officer, and the hearing officer consolidated the protests and held a merits hearing on August 3, 2017. Taxpayer did not appear at the hearing. The next day, the hearing officer denied the protest by written order dated August 4, 2017, based on Taxpayer's default and set forth the amount owed as of that date.

**{3}** In October 2018, Taxpayer paid a portion of the taxes due and in November 2018, submitted applications to the Department for a refund of the taxes paid. By letters dated February 8, 2019, the Department denied all of the claims for refund. On May 14, 2019, Taxpayer protested the denials of the refund applications (the second protest) and alleged that the Department had failed to act on the applications, "thus effectively denying such claim." The Department responded on May 31, 2019, and citing the Tax

Administration Act in effect at the time, stated that it was "unable to acknowledge" the protest related to the claim for refund. The Department explained that NMSA 1978, Section 7-1-26 (2023)[1]

> entitles [Taxpayer] to file a protest with the Department or to commence a civil action in the district court of Santa Fe County within 90 days of the date of the refund denial. "Failure by a taxpayer to file a protest within a maximum of 90 days is jurisdictional, and the Secretary is without authority to consider any protest filed after that period." Regulation 3.1.7.11 NMAC. Since the refund denial was mailed on February 8, 2019, the latest date a written protest could have been submitted to the [D]epartment was May 9, 2019.

Taxpayer did not receive the letters dated May 31, 2019 and February 8, 2019 until late May or early June of 2019. On October 31, 2022, Taxpayer filed a motion to reconsider, not with the Department, but with the Administrative Hearings Office, which is an independent agency created by statute to hear tax protests and other matters. *See* NMSA 1978, §§ 7-1B-2 (2015) and 7-1B-6 (2019). Taxpayer's motion to reconsider used the same caption as the case before the hearing officer in 2017 but sought reconsideration "of the decisions issued by the [Department] on May 31, 2019 . . . in which the [Department] refused to consider each of the [Taxpayer's] challenges to a prior refund denial." Specifically, Taxpayer argued that it had not received the February 8, 2019 refund denials because the Department knowingly sent the letters to the wrong address. The hearing officer determined that he did not have jurisdiction to hear Taxpayer's motion to reconsider and therefore denied the motion.

## DISCUSSION

{4}     Taxpayer argues that (1) the hearing officer abused his discretion in denying the motion to reconsider; and (2) on the merits, the second protest was timely filed on May 14, 2019. We conclude that Taxpayer has not established that the present appeal is timely.

{5}     Under the Tax Administration Act, NMSA 1978, §§ 7-1-1 to -84 (1965, as amended through 2024), a party may appeal a hearing officer's decision and order to this Court "within thirty days of the date of mailing or delivery of the written decision and order of the hearing officer to the protestant, and, if not so taken, the decision and order are conclusive." Section 7-1-25(A). This Court has previously rejected an argument that a party is "entitled to appeal the hearing officer's denial of its motion for reconsideration separately from its appeal of the decision and order." *Gelinas v. N.M. Tax'n & Revenue Dep't*, 2020-NMCA-038, ¶ 6, 472 P.3d 1231. Pursuant to Section 7-1-25(A), Taxpayer's ability to appeal the 2017 hearing officer's decision and order to this Court expired in

---

[1]The Department cited a previous version of the Tax Administration Act, NMSA 1978, §§ 7-1-1 to -84 (1965, as amended through 2024), which has been amended several times during the course of these protests. Because those amendments have no substantive impact on the issues before us, we cite the current statute.

September 2017, and Taxpayer has no additional, extended right to appeal the hearing officer's denial of the motion to reconsider.

**{6}** Ordinarily, "[t]his Court must dismiss a case when it does not have jurisdiction and the timeliness of an appeal is a mandatory precondition to the exercise of our jurisdiction." *Gelinas*, 2020-NMCA-038, ¶ 7 (citation omitted). This Court will, however, waive timeliness as "a mandatory precondition to the exercise of our jurisdiction" in "unusual circumstances." *Id.* For the reasons that follow, we conclude that no such unusual circumstances are present here.

**{7}** Taxpayer's arguments suggest that Taxpayer believed that the motion to reconsider was the only avenue for review available to address the Department's handling of its second protest filed May 14, 2019. Specifically, Taxpayer maintains that (1) at the time of the May 14, 2019 protest, the statute in effect required the Department to initiate the process with the hearing officer, the Department wrongfully did not do so, and as a result, Taxpayer was denied due process; and (2) Taxpayer likewise could not appeal the May 31, 2019 denial, because the Department did not file a request for hearing. To consider these arguments, we turn to the relevant statutes.

**{8}** A taxpayer may dispute liability by (1) protesting an assessment of taxes without paying the amount set forth in the assessment under Section 7-1-24; or (2) claiming a refund after paying the amount of the assessment under Section 7-1-26. *See* § 7-1-23 ("Disputing liabilities; election of remedies."). The 2017 protest was a Section 7-1-24 protest without payment. In 2019, however, twenty-one months after the hearing officer's decision and order denying Taxpayer's first protest, Taxpayer invoked the Section 7-1-26 option and sought a refund after paying the assessed taxes. On appeal, the Department focuses on Section 7-1-23 and argues that because Taxpayer elected to first not pay and proceed under Section 7-1-24 in 2017, the refund remedy under Section 7-1-26 was no longer available in 2019. As we explain, because we decline to overlook the untimeliness of Taxpayer's appeal, we need not and do not address the Department's position. In addressing Taxpayer's due process argument, we make no determination about whether the second protest under Section 7-1-26 was permissible in 2019.

**{9}** The current dispute on the merits centers on the Department's actions and alleged omissions after receiving Taxpayer's second protest. The parties initially dispute whether the Department truly denied the protest in February 2019 with the letters that Taxpayer contends were misdirected or whether the Department took no action within 180 days, which permitted Taxpayer ninety additional days to seek review under Section 7-1-26(D)(2). Regardless, after a refund is denied or the Department takes no action, Section 7-1-26(E) offers the taxpayer another choice: within ninety days, protest to the Department or file a complaint in district court. *See* § 7-1-26(D)(1), (2) (directing parties to the remedies outlined in Section 7-1-26(E) within ninety days of the denial). A party may elect only one of these remedies, and "[a] person who timely pursues more than one remedy is deemed to have elected the first." Section 7-1-26(E).

**{10}**    In relevant part, assuming the Department denied or took no action on Taxpayer's 2019 claim for refund, Taxpayer opted to protest, which is described as an "administrative protest." *See* § 7-1-26(E)(1) (directing parties to Section 7-1-24); § 7-1-24 ("Disputing liabilities; administrative protest."). The procedures for tax protests are governed by NMSA 1978, Section 7-1B-8 (2015, amended 2019) ("Tax protests; procedures."), which at the time of the second protest,[2] directed the Department to "promptly acknowledge" the receipt of a timely tax protest and within forty-five days, "request from the administrative hearings office a hearing." *See* § 7-1B-8(A) (2015). After the Department requests a hearing, a hearing officer is designated and a hearing must take place within ninety days after receipt of the tax protest. *Id.* In this case, however, the Department did not request a hearing. Instead, the Department sent Taxpayer a letter—mailed to a purportedly incorrect address—stating that the Department would take no action because the protest was untimely. Consequently, a hearing officer was never designated for the second protest.

**{11}**    Essentially, Taxpayer now contends that because the Department did not request a hearing, there was no other avenue to appeal the refund claim denial in the second protest. Taxpayer, however, does not explain the gap between the May 14, 2019 protest, the May 31, 2019 denial, and the October 2022 motion to reconsider. Taxpayer acknowledges that it received the letters dated May 31, 2019 and February 8, 2019 in "late May or early June of 2019." Taxpayer points to nothing that the Department did to cause the additional extensive delay in filing the motion to reconsider. In this context, we discern no unusual circumstances that warrant excusing the timeliness requirement for this administrative appeal and conclude that this appeal is untimely. *See Gelinas*, 2020-NMCA-038, ¶ 7.

**CONCLUSION**

**{12}**    We dismiss Taxpayer's appeal with prejudice.

**{13}    IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**GERALD E. BACA, Judge**

---

[2]Section 7-1B-8 was substantively amended in 2019, effective June 14, 2019. *See id.* annot. (the 2019 amendment). Because amendments to laws are presumed to be prospective, and the Department makes no argument to the contrary, we consider the 2015 version of Section 7-1B-8. *See City of Albuquerque v. State ex rel. Vill. of Los Ranchos de Albuquerque*, 1991-NMCA-015, ¶ 32, 111 N.M. 608, 808 P.2d 58 ("New Mexico law presumes that a statute will operate prospectively unless the [L]egislature clearly indicates that the statute is to be given retrospective effect.").